IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, ex rel.**
**ATTORNEY GENERAL DAVE YOST,**

        **Plaintiff,**

  v.                       **Civil Action 2:22-cv-2700**
                             **Chief Judge Algenon L. Marbley**
                             **Magistrate Judge Jolson**

**AARON MICHAEL JONES, et al.,**

        **Defendants,**

## SCHEDULING ORDER

Based upon the Parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **VACATES** the Preliminary Pretrial Conference set for November 2, 2022, **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by November 29, 2022.

VENUE AND JURISDICTION

Defendants Cox and Bridge reserve the right to challenge the Court's exercise of personal jurisdiction under Ohio's Long Arm Statute, Ohio Revised Code §2307.382, and applicable law.

Any motion related to venue or jurisdiction shall be filed by November 9, 2022.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by 90 days after any decisions on motions to dismiss or 120 days after opening of discovery, whichever is later, unless good cause is shown.

ISSUES

Plaintiff's Complaint alleges that Defendants operated an elaborate robocall scheme for the primary purpose of generating and selling sales leads.  Plaintiff allege the Defendants are responsible for

initiating over 800 million deliver artificial or prerecorded messages ("robocalls") to Ohio telephone numbers.  Plaintiff alleges the conduct violates two federal telemarketing statutes/rules, the Telephone Consumer Protection Act (TCPA), 47 U.C.S. §227 and the Telemarketing Sales Rule (TSR), 16 C.F.R. part 310 and two state laws, the Ohio Consumer Sales Practices Act (CSPA), O.R.C. 1345 et seq and the Ohio Telephone Solicitation Sales Act (TSSA), O.R.C. 4719.

Defendants Cox and Batista included a Jury Demand in their Answers to the Complaint.

DISCOVERY PROCEDURES

All discovery shall be completed by December 15, 2023.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

The Parties are working on a draft protocol for production of ESI.  The Parties agree to file a supplement to this report outlining the Parties' agreed protocol for ESI with the filing of the protective order/clawback agreement no later than November 23, 2022.  A Word version of the proposed protective order should be sent to jolson_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by January 19, 2024.

EXPERT TESTIMONY

Primary expert reports must be produced by October 6, 2023.  Rebuttal expert reports must be produced by November 3, 2023.  If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by January 26, 2024.  Defendant will respond by January 30, 2024.  The parties agree to make a good faith effort to settle this case.  The parties understand that this case will be referred to an attorney mediator for a settlement conference in February 2024.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.  The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

The parties agree that:

- Privilege logs will be provided, as applicable, with discovery responses.

- Due to the number of defendants, some of whom are outside of the U.S., and the extensive nature of potential discovery, the federal rules discovery limitations, without leave of court, should be increased to the following per party:

    - Number of Admissions increased to 50 from 40 allowed by the rule;
    - Number of Interrogatories increased to 50 from 25 allowed by the rule;
    - Number of Depositions increased to 25 from 10 allowed by the rule.

If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing. If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.


Date: October 27, 2022                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE