## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **STATE OF OHIO, ex rel.** | ) | Civil Action **2:22-cv-02700** |
| **ATTORNEY GENERAL** | ) | |
| **DAVE YOST** | ) | Chief Judge **Algenon L. Marbley** |
| | ) | Magistrate Judge **Kimberly A. Jolson** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION FOR EXTENSION OF TIME** |
| | ) | **TO SERVE ALL DOMESTIC** |
| **AARON MICHAEL JONES, et al.** | ) | **DEFENDANTS** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, State of Ohio, by and through Ohio Attorney General Dave Yost, respectfully moves this Court, pursuant to Fed. R. Civ. P. 4(m), for an additional 60 days from the date of the Court's entry of an order granting this Motion to complete service of the Complaint and Summons on Defendants Stacey Eunjin Yim, Davis Telecom, Inc., Technologic USA, Inc., and Virtual Telecom Inc. Pursuant to S.D. Ohio Civ. R. 7.3(a) Plaintiff consulted with counsel for Defendants Roy M. Cox Jr. and Julie K. Bridge and this motion is unopposed. To the extent that her interest may be affected, Counsel made several attempts to consult with Defendant June Batista and her counsel, Vincent Stafford, who has not made an appearance in this matter. No responses were received. The reasons for this Motion are set forth in the Memorandum in Support below.

Should this Motion be granted, Plaintiff also respectfully submits an Application for Order Authorizing Alternate Service on Defendant Yim by Publication contemporaneously for the Court's consideration. A proposed order for both this Motion and Plaintiff's Application for

Order Authorizing Alternate Service on Defendant Yim by Publication are submitted for the Court's consideration.

Respectfully submitted,

**DAVE YOST**
**Ohio Attorney General**


_s/ Erin B. Leahy_____
ERIN B. LEAHY Trial Attorney
OH Bar No. 0069509
CHRISTOPHER J. BELMAREZ, Trial Attorney
OH Bar No. 0101433
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 466-4455 (Belmarez)
Erin.Leahy@OhioAGO.gov
Christopher.Belmarez@OhioAGO.gov

*Counsel for Plaintiff*
*STATE OF OHIO*

## Table of Contents

I. INTRODUCTION ........................................................................................................1

II. HISTORY OF ATTEMPTED SERVICE ...................................................................3

    A. STACEY EUNJIN YIM ...................................................................................... 3

    B. DAVIS TELECOM, INC. .................................................................................... 5

    C. VIRTUAL TELECOM, INC. ............................................................................... 6

    D. TECHNOLOGIC USA, INC. ............................................................................... 7

    E. JULIE KATHRYN BRIDGE (OFFICER OF DAVIS TELECOM, INC, VIRTUAL TELECOM, INC. AND TECHNOLOGIC USA, INC.) .................................................................. 8

III. TWO PART LEGAL ANALYSIS FOR EXTENSION OF TIME FOR SERVICE ........9

    A. EXTENSION SHOULD BE GRANTED BECAUSE GOOD CAUSE EXISTS FOR FAILURE TO OBTAIN SERVICE ON ALL DEFENDANTS. ......................................... 10

    B. EVEN WITHOUT GOOD CAUSE, THIS COURT SHOULD GRANT PLAINTIFF AN EXTENSION. ................................................................................................ 13

IV. CONCLUSION ......................................................................................................18

<u>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE DOMESTIC DEFENDANTS**</u>

## I.    INTRODUCTION

Defendants that hide from service should not be allowed to escape litigation.  The Sixth Circuit upholds this principle by recognizing good cause for failure to complete service when the defendant evades service.  The single question before this Court is whether Defendants' present actions to hide their true location from plaintiff rises to the level of evading service.  Plaintiff contends that Defendants evaded service of process by attempting to become unreachable at any available address, as well as, in the instance of Defendant Yim, seemingly avoiding a process server purposefully.  Due to certain Defendants' efforts, Plaintiff was unable to serve all domestic defendants in a timely manner as required by Fed. R. Civ. P. 4(m).

According to Fed. R. Civ. P. 4(m), [i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows *good cause* for the failure, the court must extend the time for service for an appropriate period."  Plaintiff has attempted to perfect service on all domestic Defendants after providing the appropriate time for each to return a waiver of service in accordance with Fed. R. Civ. P. 4(d) and S.D. Ohio Civ. R. 4.2.  The history of attempted service provided below, as well as the number of Defendants on whom plaintiff has obtained service, shows that the Plaintiff has made reasonable and diligent efforts to serve all Defendants within the constraints of Fed. R. Civ. P. 4(m).

The following Defendants provided executed Waivers of Service Pursuant to Fed. R. Civ. P. 4(d)(4):

- Julie Kathryn Bridge, (*see* Waiver of the Service of Summons, ECF No. 5 at PageID 60);

- Roy Melvin Cox Jr., (*see* Waiver of the Service of Summons, ECF No. 4 at PageID 59);
- June Ann Batista, (*see* Waiver of the Service of Summons, ECF No. 6 at PageID 61);
- Tech Direct LLC, (*see* Waiver of the Service of Summons, ECF No. 36 at PageID 306).

Plaintiff has served the following Defendants Pursuant to Fed. R. Civ. P. 4(e), S.D. Ohio

Civ. R. 4.2, and Ohio R. Civ. P. 4.1(A)(1), 4.3(B), and 4.6:

- Aaron Michael Jones, (*see* Certificate of Mailing, ECF No. 26 at PageID 219; *see also* Proof of Service, ECF No. 38 at PageID 310);
- Posting Express, Inc., (*see* Returned Green Card, ECF No. 18 at 1-2; *see also* Certificate of Mailing ECF No. 37 at PageID 308);
- Connective MGMT, Inc., (*see* Returned Green Card, ECF No. 14 at 1-2);
- Geist Telecom LLC, (*see* Returned Green Card, ECF No. 18 at 3-4, 9-10; *see* also Returned Green Card, ECF No. 21 at 203-04);
- Fugle Telecom LLC, (*see* Returned Green Card, ECF No. 18 at 7-8, 13-14);
- Sumco Panama USA, (*see* Returned Green Card, ECF No. 18 at 11-12; *see also* Returned Green Card, ECF No. 21 at 203-04);
- Mobi Telecom LLC, (*see* Returned Green Card, ECF No. 18 at 5-6).

Foreign Defendants, not subject to the time limits of Fed. R. Civ. P. 4(m), include:

- Virtual Telecom Kft,
- Sumco Panama SA,
- Andrea Horvath,
- Davis Telecom, Inc.,[1]
- Jovita Migdaris Cedeno Luna,
- Livia Szuromi,
- Technologic, Inc.

Plaintiff, attempted to serve Defendants Stacey Eunjin Yim, Davis Telecom, Inc., Technologic USA, Inc., and Virtual Telecom Inc. via certified mail, through the appropriate agents, and in the case of defendant Yim, through personal service (including a stakeout). Though, despite these efforts, Plaintiff was unable to perfect service on all domestic Defendants in a timely manner due to certain Defendants' evasion of service.

---

[1] There are two defendant corporations named Davis Telecom, Inc.; one is a WY corporation and the other is a foreign corporation with its principal place of business in Panama.

For this reason, Plaintiff respectfully moves this Court find good cause for failure to serve Defendants within 90-days and grant Plaintiff an additional 60 days from the entry of order, to serve all domestic Defendants.  In the alternative, should this Court not find good cause, Plaintiff respectfully requests this Court grant a discretionary extension based on the discussion of factors the Court may consider.

## II.     HISTORY OF ATTEMPTED SERVICE

On July 7, 2022, Plaintiff filed its Complaint against Defendants Aaron Michael Jones, Roy Melvin Cox Jr., Stacey Eunjin Yim, Julie Kathryn Bridge, June Ann Batista, Jovita Migdaris Cedeno Luna, Livia Szuromi, Andrea Horvath, Technologic USA, Inc., Technologic, Inc., Connective MGMT Inc., Virtual Telecom Inc., Virtual Telecom Kft, Davis Telecom, Inc., Davis Telecom, Inc., Tech Direct LLC, Posting Express, Inc., Sumco Panama USA, Sumco Panama SA, Mobi Telecom LLC, Geist Telecom LLC, and Fugle Telecom LLC, alleging violations of various federal and state telemarketing and consumer protection laws.  Since July 7th, 2022, Plaintiff has made multiple attempts to serve all domestic Defendants and has begun, and continues, the process of serving all international Defendants.  History of attempted service for the four domestic Defendants that Plaintiff has been unable to serve is outlined below.

### A.     Stacey Eunjin Yim

Plaintiff first attempted to obtain a Waiver of Service from Defendant Yim on July 8, 2022 via certified mail (Tracking No. 9489 0090 0027 6076 7366 65) to her last known address of 66 Hawking, Irvine, CA 92618-1779 in accordance with Fed. R. Civ. P. 4(d) and S.D. Ohio Civ. R. 4.2.  *See* Exhibit A *Defendant Yim's Waiver of Service Certified Mail Tracking and Receipt*.  Defendant Aaron Michael Jones, Defendant Yim's spouse who also resides at that address, accepted and signed for the certified mail on July 11, 2022.  *See id.*  Plaintiff provided

3

Defendant Yim reasonable time of at least 30 days after the mailing date to respond before proceeding with attempted service in accordance with Fed. R. Civ. P. 4(d)(1)(F).

After receiving no response to the Waiver of Service, Plaintiff attempted certified mail service at the same address pursuant to Fed. R. Civ. P. 4(e), S.D. Ohio R. 4.2, and Ohio R. Civ. P. 4.1(A)(1) and 4.3(B).  *See* Certificate of Mailing, ECF No. 9 at PageID 90 (Tracking No. 7018 1830 0000 2705 8174).[2]  USPS has not returned the associated "green card" return receipt and tracking information indicates that it was delivered to a parcel locker on September 19, 2022.[3]  *See* Exhibit B *Defendant Yim's Complaint and Summons Certified Mail Tracking*.  To ensure that all attempts were to the correct address, Attorney General Investigator John Isaacs performed an investigatory search and found no evidence that Defendant's address had changed. Additionally, on September 15, 2022, Plaintiff's counsel contacted Defendant Jones's counsel in the matter of *Aaron Michael Jones et al v. Eric Oakley*, et al, (Case No. 30-2019-01075913, California Superior Court, Orange County).  Jones' counsel indicated that she was not representing Defendants Jones or Yim in the case before this Court and could not accept service on his or her behalf.

Plaintiff subsequently re-attempted service by certified mail on September 22, 2022.  *See* Certificate of Mailing, ECF No. 26 at PageID 220.  Tracking information available on USPS's website indicated that notice was left on September 26, 2022 and returned to sender "*unclaimed*" on October 28, 2022.  However, the mail was returned to the clerk with a different endorsement- "**RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED**" on November 10,

---

[2] The tracking number for the certified mail to defendant Stacey E. Yim provided in Certificate of Mailing, ECF No. 9 at PageID 90 appears to be incorrect due to a scrivener's error.  When tracked with the documented tracking number, the USPS database provides an error message and all other tracking numbers from that date began with "7018" instead of "7008."

[3] Tracking History of Certified Mail Service to Defendant Yim Tracking Number 70181830000027058174, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).

2022.[4]  *See* Exhibit B *Defendant Yim's Complaint and Summons Certified Mail Tracking*; *see also* Returned Mail, ECF No. 41 at PageID 321-22.

In addition to attempted service by certified mail, Plaintiff attempted personal service on Defendant Yim on multiple occasions.  Plaintiff contracted ACE Attorney Service ("ACE") on September 8, 2022 to serve the Complaint and Summons upon Defendant Yim at her home address of 66 Hawking, Irvine, CA 92618.  Despite five attempts at service, one of which was a multi-hour stakeout, service was unsuccessful.  The attached affidavit from ACE details their process server's attempts.  *See* Exhibit C *Process Server Affidavit*.

**B.**    **Davis Telecom, Inc.**

Plaintiff first attempted to obtain a Waiver of Service from Defendant Davis Telecom, Inc. on July 8, 2022 via certified mail (9489 0090 0027 6076 7357 36) to 1621 Central Ave., Cheyenne, Wyoming 82001, in accordance with Fed. R. Civ. P. 4(d) and S.D. Ohio Civ. R. 4.2. The Wyoming Secretary of State lists this address as the Principal Office address, as well as the former Registered Agent's address.  The mailing returned to Plaintiff on July 25, 2022 endorsed "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD, RETURN TO SENDER." *See* Exhibit D *Defendant Davis Telecom, Inc. Certified Mail Tracking*.

Plaintiff then attempted service by certified mail to two separate addresses on August 25, 2022.  *See* Certificate of Mailing, ECF No. 11 at PageID 110.  Because of conflicting information, it is unclear what happened with these attempts and whether service has been perfected.  Plaintiff attempted service by certified mail to Defendant Davis Telecom, Inc. at 1621 Central Ave., Cheyenne, Wyoming 82001 pursuant to S.D. Ohio Civ. R. 4.2, Fed. R. Civ. P. 4(h)(1)(A), and Wyo. Stat. Ann. § 17-28-104.  *See id* (tracking no. 7018 1830 0000 2705 7658).

---

[4] Tracking History of Certified Mail Service to Defendant Yim Tracking Number 70181830000027058105, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field; then click "See All Tracking

Tracking information shows that the mailing was delivered to an individual on August 29, 2022; however, the envelope was returned to the clerk with the delivery address covered and stamped "RETURN TO SENDER" on September 21, 2022.[5]  *See* Exhibit D *Defendant Davis Telecom, Inc. Certified Mail Tracking*; Returned Mail, ECF No. 27 at PageID 223-24.

Plaintiff also attempted service by certified mail to Defendant Davis Telecom, Inc. in care of Defendant Julie Kathryn Bridge, alleged officer of the company, at 1448 N. Euclid Ave., Upland, California 91786 pursuant to Fed. R. Civ. P. 4(h)(1)(B), S.D. Civ. R. 4.2, and Ohio R. Civ. P. 4.1(A)(1) and 4.3(B).  *See* Certificate of Mailing, ECF No. 11 at PageID 110 (tracking number 7018 1830 0000 2705 7641).  Tracking information available at USPS's website shows that the mailing was delivered to an individual on September 19, 2022; however, the green card associated with the certified mail has not yet been returned to the Clerk of Courts or entered on the docket.[6]  *See* Exhibit D *Defendant Davis Telecom, Inc. Certified Mail Tracking*.  Plaintiff also provided Defendant Bridge with Waiver of Service for Defendant Davis Telecom, Inc. through her counsel on July 29, 2022, but Bridge did not return the waiver on behalf of Davis Telecom, Inc.

### C.    Virtual Telecom, Inc.

Plaintiff first attempted to obtain a Waiver of Service from Defendant Virtual Telecom, Inc. on July 8, 2022 via certified mail (9489 0090 0027 6076 7366 58) to 1621 Central Ave., Cheyenne, Wyoming 82001, in accordance with Fed. R. Civ. P. 4(d) and S.D. Civ. R. 4.2 on July 8, 2022.  The Wyoming Secretary of State lists this address as the Principal Office address, as

---

History" hyperlink).

[5] Tracking History of Certified Mail Service to Defendant Davis Telecom Inc. Tracking Number 70181830000027057658, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).

[6] Tracking History of Certified Mail Service to Defendant Davis Telecom Inc. Tracking Number 70181830000027057641, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).

well as the former Registered Agent's address.  The mailing returned to Plaintiff on July 22, 2022 endorsed "Attempted- Not Known, Unable to Forward." *See* Exhibit E *Defendant Virtual Telecom, Inc. Certified Mail Tracking*.

Plaintiff then attempted service by certified mail service at two addresses on August 25, 2022.  *See* Certificate of Mailing, ECF No. 11 at PageID 109-10.  Because of conflicting information, it is unclear what happened with these attempts and whether service has been perfected.  Plaintiff attempted service by certified mail to Defendant Virtual Telecom, Inc. at 1621 Central Ave., Cheyenne, Wyoming 82001 pursuant S.D. Ohio Civ. R. 4.2, Fed. R. Civ. P. 4(h)(1)(A), and Wyo. Stat. Ann. § 17-28-104.  *See* Certificate of Mailing, ECF No. 11 at PageID 109 (tracking no. 7018 1830 0000 2705 7696).  Tracking information shows that the mailing was delivered to an individual on August 29, 2022; however, the envelope was returned to the clerk with the delivery address covered and stamped "RETURN TO SENDER" on September 19, 2022.[7]  *See* Exhibit E *Defendant Virtual Telecom, Inc. Certified Mail Tracking*; *see also* Returned Mail, ECF No. 25 at PageID 217-18.

Plaintiff also attempted service by certified mail to Defendant Virtual Telecom, Inc. in care of Defendant Julie Kathryn Bridge, alleged officer of the company, at 1448 N. Euclid Ave., Upland, California 91786.  *See* Certificate of Mailing, ECF No. 11 at PageID 110 (tracking number 7018 1830 0000 2705 7559).  The USPS website indicates that the mailing was delivered to an individual on September 19, 2022; however, the green card associated with the certified mail has not yet been returned to the Clerk of Courts or entered on the docket.[8]  *See* Exhibit E

---

[7] Tracking History of Certified Mail Service to Defendant Virtual Telecom, Inc. Tracking Number 70181830000027057696, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).
[8] Tracking History of Certified Mail Service to Defendant Virtual Telecom, Inc. Tracking Number 70181830000027057559, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).

*Defendant Virtual Telecom, Inc. Certified Mail Tracking*.  Plaintiff also provided Defendant Bridge with Waiver of Service for Defendant Virtual Telecom, Inc. through her counsel on July 29, 2022, but Bridge did not return the waiver on behalf of Virtual Telecom, Inc.

> **D.     Technologic USA, Inc.**

Plaintiff first attempted to obtain a Waiver of Service from Defendant Technologic USA, Inc. on July 8, 2022 via certified mail (9489 0090 0027 6076 7366 41) to 1621 Central Ave., Cheyenne, Wyoming 82001, in accordance with Fed. R. Civ. P. 4(d) and S.D. Civ. R. 4.2 on July 8, 2022. The Wyoming Secretary of State lists this address as the Principal Office address, as well as the former Registered Agent's address.  The documents were returned to Plaintiff on July 25, 2022 with the return label indicating that Defendant Technologic USA, Inc.'s statutory agent refused service of the mailing.  Exhibit F *Defendant Technologic USA, Inc. Certified Mail Tracking*.

Plaintiff then attempted to serve Defendant Technologic USA, Inc. at two addresses on August 25, 2022.  *See* Certificate of Mailing, ECF No. 11 at PageID 110.  Because of conflicting information, it is unclear what happened with these attempts and whether service has been perfected.  Plaintiff attempted service by certified mail to Defendant Technologic USA, Inc. at 1621 Central Ave., Cheyenne, Wyoming 82001 pursuant to S.D. Civ. R. 4.2, Fed. R. Civ. P. 4(h)(1)(A), and Wyo. Stat. Ann. § 17-28-104.  *See* Certificate of Mailing, ECF No. 11 at PageID 110 (tracking no. 7018 1830 0000 2705 7542).  Tracking information available at USPS's website shows that the mailing was delivered to an individual on August 29, 2022; however, the envelope was returned to the clerk with the delivery address covered and stamped "RETURN TO

SENDER" on September 21, 2022.[9]  *See* Exhibit F *Defendant Technologic USA, Inc. Certified Mail Tracking*; Returned Mail, ECF No. 27 at PageID 225-26.

Plaintiff also attempted service by certified mail to Defendant Technologic USA, Inc. in care of Defendant Julie Kathryn Bridge, alleged officer of the company, at 1448 N. Euclid Ave., Upland, California 91786.  *See* Certificate of Mailing, ECF No. 11 at PageID 110 (tracking number 7018 1830 0000 2705 7535).  Tracking information indicates that the mailing was delivered to an individual on September 19, 2022; however, the green card associated with the certified mail has not yet been returned to the Clerk of Courts or entered on the docket.[10]  *See* Exhibit *Defendant Technologic USA, Inc. Certified Mail Tracking*.  Plaintiff also provided Defendant Bridge with Waiver of Service for Defendant Technologic USA, Inc. through her counsel on July 29, 2022, but did not return the waiver on behalf of Technologic USA, Inc.

### E.    Julie Kathryn Bridge (Officer of Davis Telecom, Inc, Virtual Telecom, Inc. and Technologic USA, Inc.)

Plaintiff sent the Waiver of Service of Summons for Defendant Julie Kathryn Bridge, individually, to her last known address of 1448 N. Euclid Ave., Upland, California via certified mail (certified mail tracking number 9489 9990 0027 6076 7357 05).  Defendant Julie Kathryn Bridge executed and returned the Waiver of Service of Summons and Plaintiff filed the Waiver with the court.  *See* Waiver of the Service of Summons, ECF No. 5 at PageID 60.  On information and belief, Plaintiff alleged Defendant Bridge is an Officer of companies Davis Telecom, Inc., Virtual Telecom, Inc. and Technologic USA, Inc.  *See* Exhibit G *Defendant Bridge's Association with Defendant Corporate Entities.*  However, Defendant Bridge has yet to

---

[9] Tracking History of Certified Mail Service to Defendant Technologic USA, Inc. Tracking Number 70181830000027057542, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).
[10] Tracking History of Certified Mail Service to Defendant Technologic USA, Inc. Tracking Number 70181830000027057535, USPS, https://www.usps.com/ (enter tracking number into "Search or Track Packages" field).

respond or otherwise accept service on behalf of companies Davis Telecom, Inc., Virtual Telecom, Inc. and Technologic USA, Inc.  Prior to filing this motion, Plaintiff provided Defendant Bridge, through counsel, with the documents in Exhibit G showing her relationship with the unserved company defendants.  Still, Defendant Bridge, through counsel, has directly refused to accept service on behalf of these companies.

## III. TWO PART LEGAL ANALYSIS FOR EXTENSION OF TIME FOR SERVICE

The Sixth Circuit, and this Court, utilize a two-part analysis through a plain reading of Fed. R. Civ. P. 4(m) to determine whether an extension of time for service is required or appropriate.  The first part of the analysis is "the court must determine whether the plaintiff has shown good cause for the failure to effect service.  If he has, then the court shall extend the time for service for an appropriate period." *See Cottrell v. DeVillers*, No. 2:20-cv-5354, 2022 U.S. Dist. LEXIS 115605, at *1, *16 (S.D. Ohio June 29, 2022) (quoting *Rose v. Bersa*, 327 F.R.D. 628 (S.D. Ohio 2018)).  The second part of the analysis takes place when the plaintiff has not shown good cause.  In that instance, "the court must either (1) dismiss the action or (2) direct that service be effected within a specified time.  In other words, the court has discretion to permit late service even absent a showing of good cause." *Id*.

Here, an extension should be granted because good cause exists for plaintiff's failure to obtain service on all domestic defendants.  However, in the alternative, plaintiff respectfully requests that the Court use its discretion and permit late service based on an analysis of factors provided by the Sixth Circuit and other equitable considerations provided below.

### A. EXTENSION SHOULD BE GRANTED BECAUSE GOOD CAUSE EXISTS FOR FAILURE TO OBTAIN SERVICE ON ALL DEFENDANTS.

"[T]he burden of demonstrating good cause is placed squarely on the plaintiff. This burden is satisfied when a plaintiff demonstrates she made a "'reasonable, diligent effort to

timely effect service of process.""" *Cottrell*, 2022 U.S. Dist. LEXIS 115605 at *16-17 (citations omitted). The Sixth Circuit has consistently recognized evasion of service as one reason for good cause. *See Tyler v. Lavender*, No. 2:19-CV-4393, 2020 U.S. Dist. LEXIS 205537, at *1, *4 (S.D. Ohio Nov. 3, 2020) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("The good cause exception is a safeguard for when a defendant evades the Plaintiff's attempts at service.").

The district court in *Travelers Casualty & Surety Co. of America. v. Smith & S & S Fire & Safety*, No. 1:21-CV-11, 2021 U.S. Dist. LEXIS 250802, at *1, *4 (E.D. Tenn. Apr. 20, 2021), found that the circumstances of attempted service suggested the defendant was evading service. In *Travelers*, plaintiff presented the court with an affidavit alleging that the defendant was intentionally evading service "based on the following facts: the process server 'could hear activity inside' of Defendant['s]. . . home during three service attempts, but no adult individual answered the door; the process server 'observed three vehicles present'. . . during service attempts; the notices of service attempts that were left on . . . [the] front door were subsequently removed; and the certified mail package sent to Defendant . . . was returned to Mr. Lipman as "Return to Sender,' 'Unclaimed,' and 'Unable to Forward.'" *Id.* at *3-4. The *Travelers* court agreed that "[the] affidavit states specific facts that, when taken together, suggest Defendants are evading service." *Id.* at *4.

In this case, after Defendant Yim received the Plaintiff's request for waiver of service, a process server attempted service at the Defendant's residence on five separate occasions without any answer. *See* Exhibit C *Process Server Affidavit*. Defendant Yim has a video camera enabled doorbell system, which would allow her to know the process server was attempting to execute service. *See id*. Like the circumstances in *Travelers* there were signs people were in the home,

11

yet no one answered the door. On one occasion, the process server noted there were six cars parked in the driveway and multiple sets of footwear outside the entrance to the home. On another occasion, there were two cars parked in the driveway and there were multiple sets of footwear outside the door. As suggested by the process server through affidavit and the facts presented, Defendant Yim is purposefully avoiding service. *See id.*

Moreover, following the Defendant's receipt of the requested waiver of service by certified mail, the Defendant transferred the residential property to a newly formed limited liability company, 66 Hawking Holdings, LLC, formed on August 30, 2022 in the state of Wyoming. The transfer was recorded with the Orange County Clerk-Recorder's Office on September 12, 2022. *See* Exhibit H *Defendant Yim's Transfer of Property*. Thereafter, attempted service by certified mail has been unsuccessful, with one mailing having been delivered to a parcel locker and the other endorsed as "RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED." When considered together, these facts suggest that, like the defendant in *Travelers*, Defendant Yim is intentionally evading service by purposefully ignoring attempts at personal service and hiding her true location.

In order to hide their true location, Defendants Davis Telecom, Inc., Technologic USA, Inc., and Virtual Telecom Inc., have effectively become unserviceable. To accomplish this the Defendants, on Wyoming Secretary of State ("SoS") incorporation filings, list their principal office location at the registered agent's address and only list employees or agents of the registered agent, keeping any names of officers or other agents hidden. The Defendants then caused the SoS to administratively dissolve the entities, and, further, allowed registered agents to resign without replacement, contrary to the statutory requirements of Wyo. Stat. Ann. § 17-28-104; at this point, the companies become ghosts. While administratively dissolved corporations

continue their corporate existence, they cannot do business except to wind up and liquidate business and affairs and notify claimants pursuant to Wyoming statute.  *See* of Wyo. Stat. Ann. § 17-16-1421 (c).  However, these companies continued business as normal. Additionally, worth note is that "administrative dissolution of a corporation does not terminate the authority of its registered agent." of Wyo. Stat. Ann. § 17-16-1421 (d).  However, the registered agents resigned after administrative dissolution.

These Defendants are effectively immune to service without a serviceable address and no publicly named individual to accept service.  Through these actions, these Defendants hide their true location from any potential litigants, and in this instance, from the Plaintiff.  For that reason, Plaintiff sought service through an officer of the entities as permitted by Fed. R. Civ. P. 4(h)(1)(B).

While not a decision addressing service, the court in *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F.Supp.2d 704 (S.D. Ohio 2002), provided an example of evasion in assessing culpability of defendant to determine whether vacating default judgment against the defendant was proper, described an individual defendant's actions as "attempts to evade service for the corporate defendants . . . ."  *Id.* at 735-36 ("the Court finds Defendant Goldberg's deliberate attempts to *evade* service for the corporate defendants provide additional evidence of defendants' culpability.").  Evasion, in *Victoria's Secret Stores*, was simply the individual defendant refusing service for two corporate defendants for which he was authorized to accept service as the president for one, member for the other, and registered agent for both.  *See id*. at 735-36.  In this case, Defendant Bridge has gone beyond the actions considered to be evasion in *Victoria's Secret Stores*.

Plaintiff alleges that Defendant Bridge is an appropriate individual to accept service on behalf of the unserved domestic defendants based on her representations of her positions on a bank accounts for Davis Telecom, Inc. and Virtual Telecom Inc., as well as her response and sworn affidavit to her position for Technologic USA, Inc. in response to a subpoena issued by Plaintiff pursuant to Fed. R. Civ. P. 45 in a separate matter.  *See* Exhibit G *Defendant Bridge's Association with Defendant Corporate Entities*.  Defendant Bridge, having knowledge of this action and participating in this action, has had multiple opportunities to waive or receive service on behalf of these entities.  However, as outlined above, Defendants Davis Telecom, Inc., Technologic USA, Inc., and Virtual Telecom Inc., as well as Defendant Bridge on behalf of the entities, have made efforts to intentionally avoid service through the tactics of becoming unserviceable and refusing to accept certified mail properly aimed at achieving service on the entities' officer.

### B.  EVEN WITHOUT GOOD CAUSE, THIS COURT SHOULD GRANT PLAINTIFF AN EXTENSION.

If this Court should find that there is no good cause, there are seven factors this Court should consider when deciding whether to grant a discretionary extension weight in favor of granting the Plaintiff's request.  *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

These factors are:

>(1) whether an extension of time would be well beyond the timely service of process;

>(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

>(3) whether the defendant had actual notice of the lawsuit;

14

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.*

While factor six is not applicable here, almost all the remaining factors weigh in favor of granting the State of Ohio an extension to complete service on all domestic Defendants.

Despite the extension of time being beyond the timely service of process, a discretionary extension would not prejudice the Defendants.  In *Rosch v. Browning Masonic Community, Inc.*, No. 3:07 CV 3665, 2008 U.S. Dist. LEXIS 118963 (N.D. Ohio June 4, 2008), the court noted two cases that provided guidance while finding no prejudice to defendants by extending time. The first, *Nehls v. Hillsdale College*, No. 1:03-CV-140, 2004 U.S. Dist. LEXIS 8588, at *17 (W.D. Mich. Feb. 20, 2004), held that "this factor weighed in favor of plaintiff even though an extension would deprive defendant of the statute of limitations defense." *Rosch,* 2008 U.S. Dist. LEXIS 118963, at *4 (citing *Nehls v. Hillsdale Coll.*, No. 1:03-CV-140, 2004 U.S. Dist. LEXIS 8588, at *17.  The second, *Stafford v. Franklin County.*, No. 2:04-cv-178, 2005 U.S. Dist. LEXIS 12740 (S.D. Ohio June 28, 2005), "found an additional eight-month delay would not prejudice defendants." *Id.* (citing *Stafford*, 2005 U.S. Dist. LEXIS 12740, at *11).  In the present case, there is no defense that the Defendants will lose if a discretionary extension is given and the extension would cause less than an eight-month delay.

As to the factor of prejudice (factor two), the *Rosch* court noted that "An extension of time for service would not prejudice a defendant who early on had actual notice of the action 'due to plaintiffs' good faith efforts at service." *Id.* (citing *Slenzka v. Landstar Ranger, Inc*., 204 F.R.D. 322, 326 (E.D. Mich. 2001)). Here, Plaintiff has made good faith efforts at service on Defendant Yim, through the received waiver service, as well as the corporate Defendants, through their agents or officers, and all Defendants have actual notice of the action.

By contrast, *Freeman v. Collins*, No. 2:08-cv-00071-GCS-EPD, 2011 U.S. Dist. LEXIS 119827 (S.D. Ohio Aug. 15, 2011) provides a clear example of prejudice to a defendant by extending time for service. In *Freeman*, the court found it "highly probable" that defendants would be prejudiced by an extension and delay a case that had already "been pending for over three years." *Id.* at *21. The extension would have allowed the inclusion of a new defendant who had not been a participant of the litigation previously, effectively granting a three-year service extension. *See id.* at *21-22. In discussing the basis for prejudice against defendants, the *Freeman* court noted the delay that adding the defendant would cause, citing the distinct claims from existing defendants, the need for additional discovery, and the time the defendant needed to prepare a defense. *See id.*

Here, there are no such circumstances as discovery is just beginning, the underlying facts and claims are the same or closely related between all Defendants, and the Defendants upon which Plaintiff is still seeking to obtain service will have adequate time to prepare a defense.

Turning to factor three, Defendant's actual notice of the lawsuit, as discussed in Section (III)(A) above, the unserved Defendants have actual notice of the suit through the delivery of waiver of service to a spouse, agent, or officers and have otherwise avoided service by a process server or by certified mail.

Next, assessing factor four, an extension of time may be justified "if the applicable statute of limitations would bar the refiled action."  Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.  Courts have typically given this factor the most weight." *Caimona v. Ohio Civ. Serv. Emples. Assn.*, No. 4:18CV785, 2018 U.S. Dist. LEXIS 206184, at *16 (N.D. Ohio Dec. 6, 2018).  While dismissal of the action against these Defendants would not dismiss the case against all other Defendants, it would dismiss the case against these particular Defendants. If Plaintiff were to subsequently refile, it would not time bar the entire action; however, millions of illegal calls that give rise to counts IX and X would be time barred.  The calls at issue are particularly clear and egregious violations of state and federal telemarketing regulations. In light of this, a dismissal would prejudice Plaintiff.

An analysis of factor five shows that Plaintiff has, as detailed above, worked diligently to effect service on Defendants that have actively taken measures to avoid service.  Plaintiff has investigated if there are additional addresses or individuals that can accept service as well as utilizing multiple methods of service.  Plaintiff has made good faith attempts to effect service based on the findings of those investigations and the undertaking of many available service options.

Finally, factor seven looks to whether any equitable factors exist that may be unique to the particular case.  Here, it is relevant that the unserved business entities have made efforts to become effectively service-proof.  Defendants Davis Telecom, Inc., Technologic USA, Inc., and Virtual Telecom, Inc. are all "administratively dissolved."  Prior to this dissolution, various named Defendants created these entities to hide individual identities and purposefully allowed them to become administratively dissolved; though, despite dissolution, continued operations.

In all three instances, the unserved business Defendants, listed a business address identical to that for their registered agent for service. Each of those registered agents, at some point resigned and, based on the returned certified mail, appear to disclaim the ability to receive service on behalf of the company. Without an agent for service, and no public facing information about the companies such as officers, most plaintiffs would have no recourse against the company for activity that would give rise to litigation.

Plaintiff, through its investigation, found that Defendant Bridge is an officer of each of the unserved business entities and attempted to serve the companies in accordance with Fed. R. Civ. P. 4(h)(1)(B). *See* Exhibit G *Defendant Bridge's Association with Defendant Corporate Entities*. An equitable outcome would allow for Plaintiff additional time to effect service on the Defendants because companies should not be permitted to undertake illegal activities and become judgment proof by hiding behind administrative dissolution and resigned agents.

These efforts to hide from service align with the actions alleged in the Complaint. Defendants acted in concert to hide their identities through the common enterprise. As alleged in the Complaint, Defendant Yim has reaped the benefits of this illegal scheme while hiding her identity, as she hides from service and moves properties to conceal her whereabouts and protect her assets. *See* Complaint, ECF No. 1 at PageID 20-30. Allowing her to continue to evade litigation would be an inequitable outcome in this unique case.

Finally, Plaintiff also requests that this court consider the Sixth Circuit's preference for resolving cases on the merits. *See Vokurka v. Schweitzer*, No. 2:22-cv-652, 2022 U.S. Dist. LEXIS 108125, at *6 (S.D. Ohio June 16, 2022)*; see also Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *see also Stafford*, 2005 U.S. Dist. LEXIS 12740, 2005 WL 1523369, at

*3 (noting that "disputes should be resolved on their merits rather than procedural or technical grounds").

Based on the above analysis of the factors, Plaintiff respectfully requests that, should this Court not find good cause for an extension, the Court grant a discretionary extension to Plaintiff.

## IV. CONCLUSION

As established above, Defendants Yim, Davis Telecom, Inc., Technologic USA, Inc., and Virtual Telecom, Inc. purposefully evaded service by hiding their location, and either refusing personal service or certified mail service. For this reason, Plaintiff respectfully requests that this Court find good cause for Plaintiff's failure to serve Defendants within 90-days and grant Plaintiff an additional 60 days from the entry of order, to serve all domestic Defendants. In the alternative, should this Court not find good cause, Plaintiff respectfully moves this Court grant a discretionary extension based on the discussion of factors the Court may consider.


Respectfully submitted,

s/ Erin B. Leahy
ERIN B. LEAHY, Trial Attorney
Ohio Bar No. 0069509
CHRISTOPHER J. BELMAREZ, Trial Attorney
Ohio Bar No. 0101433
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 466-4455 (Belmarez)
Erin.Leahy@OhioAGO.gov
Christopher.Belmarez@OhioAGO.gov

**Counsel for Plaintiff**
**STATE OF OHIO**

**Certificate of Service**

Pursuant to Fed. R. of Civ P. 5, I hereby certify that on February 2, 2023, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel of record and via electronic mail to the following:

JUNE ANN BATISTA
junesells@yahoo.com
***Defendant, Pro Se***

VINCENT A. STAFFORD
Stafford Law
VAS@Stafford-Stafford.com
***Courtesy copy on behalf of Pro Se Defendant June Batista***

*s/* Erin B. Leahy
Erin B. Leahy
Assistant Attorney General