UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **STATE OF OHIO, ex rel.** **ATTORNEY GENERAL** **DAVE YOST** | ) ) ) ) ) | Civil Action **2:22-cv-02700** Chief Judge **Algenon L. Marbley** Magistrate Judge **Kimberly A. Jolson** |
| Plaintiff, | ) ) | |
| v. | ) ) | **PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING SERVICE ON** |
| **AARON MICHAEL JONES, et al.** | ) ) ) | **DEFENDANT YIM BY PUBLICATION** |
| Defendants. | ) ) | |

Plaintiff, State of Ohio, by and through Ohio Attorney General Dave Yost, respectfully requests this Court issue an order permitting Plaintiff to serve the summons and complaint on Defendant Yim by publication, pursuant to Cal. Code Civ. Proc. § 415.50 (Deering, Lexis Advance through the 2022 Regular Session) and Fed. R. Civ. P. 4(e)(1).  The basis for this application are set forth in the Memorandum in Support below.  A proposed order is submitted contemporaneously for the Court's consideration.

Respectfully submitted,

**DAVE YOST**
**Ohio Attorney General**

 _s/ Erin B. Leahy_____
ERIN B. LEAHY Trial Attorney
OH Bar No. 0069509
CHRISTOPHER J. BELMAREZ, Trial Attorney
OH Bar No. 0101433
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section

1

        30 E. Broad Street, 14th Floor
        Columbus, Ohio 43215
        (614) 752-4730 (Leahy)
        (614) 466-4455 (Belmarez)
        Erin.Leahy@OhioAGO.gov
        Christopher.Belmarez@OhioAGO.gov

***Counsel for Plaintiff***
***STATE OF OHIO***

Table of Contents

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | CALIFORNIA SERVICE BY PUBLICATION | 1 |
| | A. A Cause of Action Exists Upon Defendant Yim. | 2 |
| | B. Defendant Yim Cannot With Reasonable Diligence be Served in Another Manner Specified by California Code of Civil Procedure. | 2 |
| |    i. *Plaintiff's Attempted Service.* | 3 |
| |    ii. *Plaintiff's Investigation into Defendant Yim's Whereabouts.* | 6 |
| III. | CONCLUSION | 8 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING SERVICE ON DEFENDANT YIM BY PUBLICATION**

**I.     INTRODUCTION**

Plaintiff, State of Ohio, by and through Ohio Attorney General Dave Yost, filed a complaint against Defendants Aaron Michael Jones, et. al, on July 7, 2022, stating causes of action for violations of the Telemarketing Sales Rule, Telephone Consumer Protection Act, Ohio Telephone Solicitation Sales Act, and Ohio Consumer Sales Practices Act. As discussed herein, despite reasonable and diligent efforts to accomplish service of Defendant Yim in accordance with federal and state rules, Plaintiff has been unable to serve her.

Pursuant to Fed. R. Civ. P. 4(e)(1) service of summons may be served following the state law of the jurisdiction in which the service is to be made. Defendant Yim, as a resident of California, may be served by publication in accordance with Cal. Code Civ. Proc. § 415.50 (Deering, Lexis Advance through the 2022 Regular Session). Accordingly, Plaintiff respectfully requests that this Court permit Plaintiff to complete service on Defendant Yim through publication of the Summons in the Orange County Register, a newspaper of general circulation in the County in which Defendant Yim was last known to reside.

**II.    CALIFORNIA SERVICE BY PUBLICATION**

Pursuant to California Code, a court may issue an order for service by publication if, first, the court is satisfied upon affidavit "that the party to be served cannot with reasonable diligence be served in another manner specified in this article" and second, as is relevant in this case, "A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. Proc. § 415.50 (Deering, Lexis Advance through the 2022 Regular Session). Section 415.50(b) provides that "[t]he court shall order the summons

4

to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served…" Cal. Code Civ. Proc., § 415.50(b).

### A. A Cause of Action Exists Upon Defendant Yim

Since the second prong is easily met, Plaintiff will address it first. Plaintiff filed this action naming Defendant Yim in 10 causes of action, alleging she took a leading role in the illegal robocall scheme underlying this litigation. As a lead actor in the illegal robocall operation addressed in the Complaint, Defendant Yim is necessary and proper party to the action.

### B. Defendant Yim Cannot With Reasonable Diligence be Served in Another Manner Specified by California Code of Civil Procedure.

As courts have previously done, Plaintiff relies on the Judicial Council comments to §415.50 in determining the meaning of "reasonable diligence." *See Cabrera v. Santos*, No. 2:21-CV-07594-AB (ASx), 2021 U.S. Dist. LEXIS 241615, at *5 (C.D. Cal. Dec. 16, 2021). "The term "reasonable diligence" . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Cal. Code Civ. Proc. § 415.50 (Deering, Lexis Advance through the 2022 Regular Session). Pursuant to the California Code of Civil Procedure, "other manners" for service on a Defendant located in California include personal delivery, substituted service, and service by mail. *See* Cal. Code Civ. Proc. §§ 415.10 – 415.30. After the attempts outlined in the attached Plaintiff's Affidavit, it should be found that Defendant Yim cannot be with reasonable diligence be served in another manner.

There are two facets for the court to consider when determining whether "reasonable diligence" exists with respect to Cal. Code Civ. Proc. § 415.50—Plaintiff's attempts at service and Plaintiff's investigation into location to execute service.

*i.   Plaintiff's Attempted Service*

First assessing Plaintiff's attempts at service, "[r]easonable diligence has been held to require '[t]wo or three attempts to personally serve a defendant at a proper place.'" *Cabrera*, 2021 U.S. Dist. LEXIS 241615 at *5 (citing *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750, 187 Cal. Rptr. 3d 227 (2015)). As shown by affidavit, Plaintiff attempted personal service on Defendant Yim on more than "two or three" occasions. *See* Declaration of Christopher J. Belmarez (hereinafter "Plaintiff's Service Affidavit"). Plaintiff contracted ACE Attorney Service ("ACE") on September 8, 2022 to serve the Complaint and Summons upon Defendant Yim at her home address of 66 Hawking, Irvine, CA 92618 (hereinafter "66 Hawking"). Despite five attempts at service, one of which was a multi-hour stakeout, service was unsuccessful. *See id.*

"In addition to attempting personal service, courts also require attempts to serve the defendant by at least one other method." *Cabrera*, 2021 U.S. Dist. LEXIS 241615 at *5-6 (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 334, 150 Cal. Rptr. 855 (1978)). While California rules allow for substituted service "by leaving a copy of the summons and complaint during usual office hours in [the person to be served's] office or, if no physical address is known, at his or her usual mailing address, . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served" this was not possible with Defendant Yim. Cal. Code Civ. Proc.§ 415.20. As to her home address, no one ever came to or answered the door for any of the five attempts at personal service. *See* Plaintiff's Service Affidavit. Further, after investigation, Plaintiff has no knowledge of any other place of work for Defendant Yim, besides her own home. *See id.*; *see also* Declaration of John S. Isaacs (hereinafter "Plaintiff's Investigatory Affidavit").

6

While these attempts should be sufficient, when coupled with Plaintiff's investigation into Defendant Yim's whereabouts, Plaintiff also has attempted to perfect service through Fed. R. Civ. P. 4(d) and certified mail. Though Plaintiff did not strictly comply with the requirements of CCP § 415.30, Plaintiff submits that the attempts to obtain a waiver of service and subsequent attempts at certified mail service meet the spirit of attempting to provide due process notice to Defendant Yim.

Plaintiff first attempted to obtain a Waiver of Service from Defendant Yim on July 8, 2022 via certified mail (Tracking No. 9489 0090 0027 6076 7366 65) by first-class mailing a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, and in writing notice of the suit and request for the returned waiver pursuant to Fed. R. Civ. P. 4(d) to her last known address of 66 Hawking. *See* Plaintiff's Service Affidavit. Defendant Aaron Michael Jones, Defendant Yim's spouse who also resides at that address, accepted and signed for the certified mail on July 11, 2022. *See id.* Plaintiff provided Defendant Yim reasonable time of at least 30 days after the mailing date to respond before proceeding with attempted service in accordance with Fed. R. Civ. P. 4(d)(1)(F).

Attempting to obtain a waiver of service pursuant to Fed. R. Civ. P. 4(d) has significant overlap with CCP § 415.30, which requires "[a] copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."

One court looking at the two rules while discussing fee shifting, noted their similarities, but stated

> there are two important differences between the federal and California rules. If the defendant waives process under the

7

> California rule, the time to answer or otherwise respond to the complaint is not extended. *See* CAL. CIV. CODE 412.20(a)(3); 415.30(c). By contrast, a party that waives personal service under the Federal rule is given additional time to answer or otherwise reply to the complaint. FED. R. CIV. P. 4(d)(3). The second difference between the two procedures is related to attorneys' fees. Under the Federal rule, attorneys' fees, including those incurred as a result of bringing a motion for reimbursement, are expressly available. *See* FED. R. CIV. P. 4(d)(2)(B). Under the California rule, however, only "reasonable expenses incurred in serving or attempting to serve the party by another method" are reimbursable. CAL. CIV. CODE § 415.30(d).

*Nasibyan v. Toyota Motor Sales, U.S.A., Inc.*, No. SACV 08-00230-CJC(ANx), 2008 U.S. Dist. LEXIS 130847, at *3-4 (C.D. Cal. June 24, 2008). Neither of these differences prejudice Defendant Yim's due process, and, in fact, the federal waiver provided her with additional time in which to waive service.

Pursuant to Federal Rule of Civil Procedure 4(e)(1), Plaintiff also attempted certified mail service, as allowed by Ohio Rules of Civil Procedure 4.3(B)(1) and 4.1(A)(1)(a), on two occasions. *See* Document #009 (Tracking No. 70181830000027058174).[1] USPS has not returned the associated "green card" return receipt and tracking information indicates that the first attempt was delivered to a parcel locker on September 19, 2022. Plaintiff subsequently re-attempted service by certified mail on September 22, 2022. *See* Plaintiff's Service Affidavit. Tracking information available on USPS's website indicated that notice was left on September 26, 2022 and returned to sender "*unclaimed*" on October 28, 2022. However, the mail was returned to the clerk with a different endorsement- "**RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED**" on November 10, 2022. *See id.*

---

[1] The tracking number for the certified mail to defendant Stacey E. Yim provided in Doc. # 009 appears to be incorrect due to a scrivener's error. When tracked with the documented tracking number, the USPS database provides an error message and all other tracking numbers from that date began with "7018" instead of "7008."

8

  ii. *Plaintiff's Investigation into Defendant Yim's Whereabouts.*

Turning next to the diligence of Plaintiff's investigation, "'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith." *Judicial Council Comment*, Cal. Code Civ. Proc. § 415.50 (Deering, Lexis Advance through the 2022 Regular Session).

The Judicial Council Comments to the California Code of Civil Procedure notes a reasonably diligent inquiry will include "[a] number of honest attempts to learn the defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient." *Id.* "The showing of diligence must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case." **Kott v. Superior Court (Cal. App. 2d Dist. May 23, 1996), 45 Cal. App. 4th 1126, 53 Cal. Rptr. 2d 215, 1996 Cal. App. LEXIS 472.**

Here, prior to initiating litigation, Plaintiff's investigation determined 66 Hawking is the residential address of Stacey Yim based on the following:

- corporate records for two different companies for which she was President, Secretary, Treasurer, and Director of the company listed 66 Hawking, Irvine, CA, 92618 as her address;

- records from at least three financial accounts for those two companies also list 66 Hawking as Stacey Yim's address; and

- a Lexis search for public records associated to Stacey Yim showing 66 Hawking as property owned by and the most recent residential address found for Stacey Yim.

Further, to ensure that all attempts were to the correct address after the first failed certified mail service, on September 20, 2022 Attorney General Investigator John Isaacs performed an investigatory search and found no evidence that Defendant's address had changed. Additionally,

on September 15, 2022, Plaintiff's counsel contacted Defendant Jones's counsel in matter of *Aaron Michael Jones et al v. Eric Oakley*, et al, (Case No. 30-2019-01075913, California Superior Court, Orange County.) Jones' counsel indicated that she was not representing Defendants Jones or Yim in the case before this Court and could not accept service on his or her behalf.

Lastly, Investigator John Hathaway found the Defendant transferred the residential property, 66 Hawking, to a newly formed limited liability company, 66 Hawking Holdings, LLC formed on August 30, 2022 in the state of Wyoming. The transfer was recorded with the Orange County Clerk-Recorder's Office on September 12, 2022. *See* Plaintiff's Investigatory Affidavit.

Similar efforts by plaintiffs in other instances have been found to have met the court's standard of reasonable diligence. *See Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2016 U.S. Dist. LEXIS 155040, at *6-7 (N.D. Cal. Nov. 7, 2016); *see also Giorgio v. Synergy Mgmt. Grp., LLC*, 231 Cal. App. 4th 241, 248, 179 Cal. Rptr. 3d 465 (2014). In *Hernandez,* the plaintiff through affidavit demonstrated reasonable diligence by hiring two professional process servers, requesting information from the county probation department, searching social media platforms, and looking at voter registration. *See Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2016 U.S. Dist. LEXIS 155040, at *6-7 (N.D. Cal. Nov. 7, 2016).

Here, Plaintiff during the course of its investigation identified 66 Hawking as the likely address of Defendant Yim through a number of documents both publicly available and those obtained through investigatory subpoenas. Moreover, the professional process server Plaintiff hired made extensive attempts to serve Defendant at 66 Hawking. Lastly, Defendant Yim's spouse and Co-Defendant, Aaron Michael Jones, accepted certified mail from Plaintiff containing waiver of service forms at 66 Hawking, despite further efforts at mail service failing. It is clear in the

present case Plaintiff has made numerous honest attempts to best locate Defendant Yim and met the reasonable diligence standard.

### III. CONCLUSION

As established above and by affidavit, Plaintiff has met the requirements for Cal. Code Civ. Proc. § 415.50 through attempted service of Defendant Yim, as well as its diligent efforts of locating the Defendant. For this reason, Plaintiff respectfully requests that this Court issue an order permitting Plaintiff to serve the summons and complaint on Defendant Yim by publication, pursuant to Cal. Code Civ. Proc. § 415.50 and Fed. R. Civ. P. 4(e)(1).

Respectfully submitted,

_s/ Erin B. Leahy_
ERIN B. LEAHY, Trial Attorney
Ohio Bar No. 0069509
CHRISTOPHER J. BELMAREZ, Trial Attorney
Ohio Bar No. 0101433
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 466-4455 (Belmarez)
Erin.Leahy@OhioAGO.gov
Christopher.Belmarez@OhioAGO.gov

*Counsel for Plaintiff*
*STATE OF OHIO*

## Certificate of Service

Pursuant to Fed. R. of Civ P. 5, I hereby certify that on February 2, 2023, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel of record and via electronic mail the following:

JUNE ANN BATISTA
junesells@yahoo.com
***Defendant, Pro Se***

VINCENT A. STAFFORD
Stafford Law
VAS@Stafford-Stafford.com
***Courtesy copy on behalf of Pro Se Defendant June Batista***

                                          */s/* Erin B. Leahy
                                          Erin B. Leahy
                                          Assistant Attorney General