IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, ex rel OHIO ATTORNEY**
**GENERAL DAVE YOST,**

      **Plaintiff,**

  v.                                                        **Civil Action 2:22-cv-2700**
                                                              **Judge Algenon L. Marbley**
                                                               **Magistrate Judge Kimberly A. Jolson**

**AARON MICHAEL JONES, et al.,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses (Doc. 112) and Defendants Bridge and Cox's Motion to Stay Discovery (Doc. 115). For the following reasons, Defendants' Motion to Stay Discovery (Doc. 115) is **DENIED**. The parties are **ORDERED** to confer in the **next fourteen (14) days** on the outstanding discovery requests. They are then **ORDERED** to file a joint status report, on or before January 3, 2025, outlining what discovery disputes, if any, remain.

**I.    BACKGROUND**

This case is about robocalls. Plaintiff, the State of Ohio, *ex rel.* Attorney General Dave Yost, alleges that Defendants "acting individually and collectively through a common enterprise, have participated in an unlawful robocall operation that bombarded American consumers with *billions* of robocalls." (Doc. 1 at 4 (emphasis in original); *see id.* at ¶¶ 11–32 (naming fourteen corporate Defendants and eight individual Defendants)). Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g); the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), for Defendants' violations of Federal Trade Commission's ("FTC") Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; the Ohio Consumer Sales Practices Act ("Ohio CSPA"), Ohio Rev.

Code § 1345.07; and the Ohio Telephone Solicitation Sales Act ("Ohio TSSA"), Ohio Rev. Code § 4719.12. (Doc. 1 at ¶¶ 1, 157–200).

Relevant here, Plaintiff alleges that Defendant Roy Melvin Cox, Jr. is an actual or *de facto* owner, officer, or member of the corporate Defendants. (*Id.* at ¶ 26). And Defendant Julie K. Bridge is an officer and member of four corporate Defendants: Technologic USA, Inc., Virtual Telecom Inc., Davis Telecom, Inc., and Mobi Telecom, LLC. (*Id.* at ¶ 28). Several Defendants, including Andrea Baloghne Horvath; Livia Szuromi; Davis Telecom, Inc.; Sumco Panama S.A.; and Technologic Inc. have yet to be served. (*See, e.g.*, Docs. 100, 110, 116).

On October 25, 2024, Plaintiff filed a motion to compel Defendants Bridge and Cox to respond to Plaintiff's first set of requests for production of documents.[1] (Doc. 112). It represented that despite counsel agreeing to several extensions and Defendants' numerous promises that the responses would be forthcoming, Plaintiff's requests remained largely unfulfilled months after being served. (*See generally id.*). The Court stayed briefing, so the parties could confer and file a joint status report. (Doc. 113). The parties filed that status report, which represented that the two Defendants were preparing to file a motion for judgment on the pleadings. (Doc. 114). That same day, and more than two years after filings their answers to the Complaint, (*see* Docs. 29, 30), Defendants Bridge and Cox filed a consolidated Motion for Judgment on the Pleadings and Stay of Discovery. (Doc. 115). The Court then set simultaneous briefing for both motions. (Doc. 117). These matters are ripe for review. (Docs. 112, 115, 119, 121, 122, 123).

## II. STANDARD

In considering a motion to stay discovery, the "district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-cv-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And parties routinely file motions to stay discovery while a motion to

---

[1] Defendants Bridge and Cox are represented by the same counsel. (*See* Docs. 4, 5, 12, 13).

2

dismiss or a motion for judgment on the pleadings is pending. *See, e.g.*, *Shanks v. Honda of Am. Mfg.*, No. 2:08-cv-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). But "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010); *see also Ohio Valley Bank*, 2019 WL 2170681, at *2.

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Shanks*, 2009 WL 2132621, at *1. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens*, 2010 WL 3719245, at *1); *see also Fisher v. City of Columbus*, No. 2:24-cv-150, 2024 WL 413484, at *2 (S.D. Ohio Sept. 10, 2024) ("[C]ourts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced." (citation omitted)). In the end, "[t]he Court . . . must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

Next, two federal rules govern a motion to compel. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37, for its part, allows for a motion to compel discovery when a party fails

3

to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant meets that burden, "the party resisting production has the burden of establishing that the information either is not relevant" or that the information's relevance "is outweighed by the potential for undue burden[.]" *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 462 (S.D. Ohio Oct. 21, 2015).

"While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

### III. ANALYSIS

The Court first considers Defendants' Motion to Stay Discovery before turning to Plaintiff's Motion to Compel.

#### A. Motion to Stay Discovery

Defendants Bride and Cox request a discovery stay pending the Court's resolution of their Rule 12(c) Motion for Judgment on the Pleadings. As relevant to that Motion, Defendants argue that Plaintiff's Complaint is required to, but fails to, allege a plausible factual basis for piercing the corporate veil of the named corporate Defendants. (Doc. 115 at 6–8). They further argue that the Complaint fails to plausibly allege liability for either Bridge or Cox and ask that the Court decline to exercise supplemental jurisdiction on Plaintiff's state law claims. (*Id.* at 8–12; *see also* Doc. 123 at 1–4). Plaintiff counters that its Complaint meets all the contested pleading

4

requirements. (*See generally* Doc. 121).

Defendants' arguments in favor of a discovery stay relies on their confidence that the Court will grant their Motion for Judgment on the Pleadings. (Doc. 115 at 14). Indeed, the bulk of Defendants' argument rehashes their contention that Plaintiff's Complaint offers mere labels and conclusions as to their involvement in the alleged wrongs or formulaic recitations of the elements of the alleged claims. (*Id.* at 14–15; *see also* Doc. 123 at 6). Yet this Court has been clear that a pending dispositive motion is not enough by itself to justify staying discovery. *See, e.g.*, *Bowens*, 2010 WL 3719245, at *2; *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, No. 2:06-cv-00831, 2010 WL 3910352, at *4 (S.D. Ohio Oct. 5, 2010) ("Although Federal's current Motion for Summary Judgment may ultimately succeed, a pending case-dispositive motion is generally not enough to stay discovery."); *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010) ("[T]he primary basis for the requested stay, the pendency of a potentially dispositive motion as to which the parties have presented substantial arguments on both sides, is simply not sufficient to warrant a complete stay of discovery."). Notably, Defendants' Rule 12(c) Motion does not present a "special circumstance" like raising "a defense, such as absolute or qualified immunity, which must, as matter of law, be addressed before discovery proceeds." *Shanks*, 2009 WL 2132621, at *1; *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3 (S.D. Ohio Feb. 8, 2022) (commenting that a challenge of the Court's subject-matter jurisdiction could also justify a discovery stay).

What's more "it is unpersuasive for a party to rely on the strength of its dispositive motion in moving to stay, unless the complaint is clearly frivolous." *dlhBOWLES, Inc. v. Jiangsu Riying Elecs. Co.*, No. 5:21-cv-170, 2021 WL 6335001, at *2 (N.D. Ohio Dec. 10, 2021) (citing *Tarazi v. Oshry*, No. 2:10-cv-793, 2011 WL 1437052, at *4–5 (S.D. Ohio Apr. 12, 2011)). While the Undersigned expresses no opinion on the underlying merits of the Rule 12(c) Motion, it is not "patent that the case lacks merit" or that the Complaint is so frivolous that it "will almost certainly be dismissed" as to Defendants Bridge and Cox. *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132,

2015 WL 2128156, at *2 (S.D. Ohio May 6, 2015) (quoting *Wilson v. Gillespie*, No. 2:13-CV-139, 2014 WL 3460042, at *2 (S.D. Ohio July 10, 2014)). And it would be inappropriate for the Undersigned to "weigh in on the strength of either party's position in the briefing" of the Motion for Judgment on the Pleadings at this juncture. *Abercrombie & Fitch Co.*, 2010 WL 3910352, at *2 n.5.

Against the backdrop that the arguments in their Rule 12(c) Motion present an "independent basis" to stay discovery, Defendants also say that no harm would result from a stay. (Doc. 115 at 14). They contend that "the State's case is stuck in 'park.' There's no reason to believe that will change any time soon." (*Id.*). It is not immediately clear why Defendants think this to be the case. Though it is true this case is more than two years old and some Defendants have yet to be served, there is an active case schedule in place that requires discovery completed and dispositive motions filed by July of next year. If anything, the age of this case weighs in favor of allowing discovery to proceed. Indeed, Plaintiff's response details specific measures being undertaken to move the case forward. (*See* Doc. 121 at 31–35 (discussing that Plaintiff issued over fifty subpoenas; responded to Defendants' discovery requests and are preparing to supplement them; are arranging depositions of third parties; and will move for summary judgment after deposing Defendants)). Notably, these measures require obtaining discovery from Defendants Bridge and Cox. (*Id.*).

Relatedly, Plaintiff argues it would be harmed should discovery be stayed precisely because this planned discovery would be put off. (*Id.* at 31, 34 (noting that a stay would postpone depositions and tactically disadvantage Plaintiff)). In contrast, Defendants merely cite to "grossly over-broad discovery requests" and "financial burden" as harms they would face should discovery proceed. But "conclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff from delay of this case." *Ohio Valley Bank Co.*, 2019 WL 2170681, at *2 ; *see also Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080 (S.D. Ohio Oct. 10, 2018); *cf. City of Lancaster v. Flagstar Bank, FSB*,

No. 2:10-CV-01041, 2011 WL 1326280 (S.D. Ohio Apr. 5, 2011) ("Yet, the City makes no effort to detail the specific burdens it will face from discovery in this case; nor does it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court."). For these reasons, both the stage of this litigation and the harm a stay potentially poses to Plaintiff weigh in favor of allowing discovery to continue.

Finally, Defendants maintain that a discovery stay pending the outcome of their motion would simplify this action "because the issues will be narrowed." (Doc. 115 at 14). But again, Defendants rest this argument on their assertion that the Complaint merely "lump[s them] in as 'defendants' and 'Individual Defendants.'" (*Id.*). This a not a case where Defendants raised threshold issues in their Rule 12(c) Motion that would so simplify the issues or reduce the burden of litigation as to justify staying discovery. *Cf. Waldron v. Brown*, No. 2:22-CV-3556, 2023 WL 4182150, at *3 (S.D. Ohio June 26, 2023) (extending a temporary discovery stay during the pendency of a motion to dismiss that raised questions of necessary parties and proper venue). And even if certain aspects of this case or discovery were simplified, that fact alone does not tilt the scale in a different direction when the other factors weigh in favor of allowing discovery to proceed.

For these reasons, Defendants' Motion to Stay Discovery (Doc. 115) is **DENIED**. The Undersigned expresses no opinion on the underlying merits of Defendants' Motion for Judgment on the Pleadings.

B.   **Motion to Compel**

The Court now turns to Plaintiff's Motion to Compel. (Doc. 112). Plaintiff asks, under Federal Rule of Civil Procedure 37, the Court to order both Defendants to produce responses to its discovery requests. Fed. R. Civ. P. 37(a)(3).

Plaintiff served Defendant Bridge with requests for the production of documents on May 9, 2024. (Doc. 112 at 3; *see* Doc. 112-2). Defendant Bridge's response deadline was originally June 10. (Doc. 112 at 3). Plaintiff's counsel agreed to extend this deadline at least six times. (*Id.*;

7

*see* Doc. 112-4). Similarly, Plaintiff served Defendant Cox with requests for documents on September 5, with responses due on October 7. (Doc. 112 at 3; *see also* Doc. 112-3). Counsel agreed to two extensions to that deadline. (Doc. 112-4). In the end, and despite assurances from Defendants' counsel that responses would be forthcoming, Plaintiff received "no written responses, no objections, and no documents have been produced, aside from one limited production from Defendant Bridge that was largely non-responsive." (Doc. 112 at 3; Doc. 112-4; *see also* Doc. 112 at 8 ("Defendant Cox has produced nothing.")).

Defendants largely chalk their non-responsiveness up to the other pending motions. (*See* Doc. 114 ("Defendants believe that all claims should be dismissed against them, and that a stay of outstanding discovery is warranted."); Doc. 119 at 3–6 (arguing the Court should stay discovery)). They also argue that Plaintiff's requests are not relevant and are overbroad, again relying heavily on their assertion that they are wrongly part of this case. (Doc. 119 at 7–11). But at this point, Defendants are still parties in this case who cannot shirk their discovery obligations. *See also Sinomax USA, Inc. v. Am. Signature Inc.*, No. 2:21-CV-3925, 2022 WL 1301683, at *1 (S.D. Ohio May 2, 2022) (citation omitted) (noting that scope of discovery permitted by case law and the Federal Rules is extremely broad).

The Court concludes that the parties still have more work to do. Now that the Court has denied Defendants' Motion to Stay Discovery, the parties must work together to resolve the disputes outlined in Plaintiff's Motion to Compel. Accordingly, the parties are **ORDERED** to confer, either in person or on the phone, in the **next fourteen (14) days** on the outstanding discovery. They are then **ORDERED** to file a joint status report on or before January 3, 2025, outlining any discovery disputes that remain.

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Stay Discovery (Doc. 115). The parties are **ORDERED** to confer in the **next fourteen (14) days** on the outstanding discovery requests. They are then **ORDERED** to file a joint status report, on or before January 3,

8

2025, outlining any discovery disputes that remain.

    IT IS SO ORDERED.


Date:  December 17, 2024          /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE