IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, ex rel OHIO ATTORNEY**
**GENERAL DAVE YOST,**

      **Plaintiff,**

   v.                                        **Civil Action 2:22-cv-2700**
                                                      **Judge Algenon L. Marbley**
                                                      **Magistrate Judge Kimberly A. Jolson**

**AARON MICHAEL JONES, et al.,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Order Authorizing Alternative Service Upon Defendant Sumco Panama, S.A. (Doc. 128). For the reasons that follow, the Motion is **GRANTED**.

**I.    BACKGROUND**

As the Court has summarized previously (Doc. 12), this case is about robocalls. Plaintiff, the State of Ohio, *ex rel.* Attorney General Dave Yost, alleges that Defendants "acting individually and collectively through a common enterprise, have participated in an unlawful robocall operation that bombarded American consumers with *billions* of robocalls." (Doc. 1 at 4 (emphasis in original); *see id.* at ¶¶ 11–32 (naming fourteen corporate Defendants and eight individual Defendants)). Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g); the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), for Defendants' violations of Federal Trade Commission's ("FTC") Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; the Ohio Consumer Sales Practices Act ("Ohio CSPA"), Ohio Rev. Code § 1345.07; and the Ohio Telephone Solicitation Sales Act ("Ohio TSSA"), Ohio Rev. Code § 4719.12. (Doc. 1 at ¶¶ 1, 157–200). Relevant here, Plaintiff alleges that Defendant Sumco Panama, S.A. ("Sumco

Panama") is a "foreign corporation formed in March 2012 with its principal place of business in Panama City, Panama" and that it participated in the illegal actions alleged in the Complaint. (Doc. 1 at ¶ 21; *see also id.* at ¶ 30 (alleging Defendant Jovita Migdaris Cedeno Luna "has had the authority and responsibility to prevent or correct the unlawful telemarketing practices of Sumco Panama, and has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Sumco Panama . . . .")).

The Court has allowed extensions to the case schedule, in part, to allow Plaintiff sufficient time to serve foreign Defendants, including Defendant Sumco Panama. (*See, e.g.*, Doc. 100). In the most recent status report updating the Court on service matters, Plaintiff noted that it still had not located a valid service address for Sumco Panama. (Doc. 127). Plaintiff subsequently filed the motion at bar, which requests an order to serve Sumco Panama electronically at two email addresses. (Doc. 128). The Court expedited briefing on the motion (Doc. 132), but no party filed a response. This matter is ripe for consideration.

## II.     STANDARD

The requirements for service of both corporations and individuals under Rule 4(f)(3) "are that the alternative method of service authorized under that provision (1) must be directed by the court, and (2) must not be prohibited by international agreement." *Med. Protective Co. v. Ctr. for Advanced Spine Techs., Inc.*, No. 1:14-CV-005, 2014 WL 12653861, at *1 (S.D. Ohio Jan. 13, 2014) (citing *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1134 (3d ed. 1998) ("The only proscription on the district court's discretion [to authorize alternative service] is that the method not be prohibited by international agreement.")). Further, "[t]he method of service selected must also satisfy due process requirements in that it be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Med. Protective Co.*, 2014 WL 12653861, at *1 (quoting *Lexmark Int'l, Inc.*, 291 F.R.D. at 174).

Importantly, "Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Med. Protective Co.*, 2014 WL 12653861, at *1 (quotation marks and citations omitted). Rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id.* (quotation marks and citations omitted). In assessing Plaintiff's Motion, "[t]he Court must determine within its discretion whether the facts and circumstances of the case warrant an order of alternative service." *Id.* (citations omitted).

### III. ANALYSIS

In its Motion, Plaintiff details attempts to serve Sumco Panama. First, Plaintiff attempted to serve Sumco Panama at an address in Panama. (Doc. 128 at 3; *see also* Doc. 35 (issued summons); Doc. 57 (letters of rogatory)). But the "street address was incomplete," so service was unsuccessful. (Doc. 128 at 3). Plaintiff then located another potential address. (*Id.*). This address was also supposedly an address for a different Defendant in this case, Jovita Migdaris Cedeno Luna. (*Id.*). When Plaintiff attempted to complete service on Defendant Luna at the second Panamanian address, service failed because the address turned out to be vacant residential apartment. (*Id.*). So, Plaintiff did not attempt to serve Sumco Panama there, as the attempt would have been doomed to fail. (*Id.*). Plaintiff then reviewed responses to subpoenas, public records, and corporate documents, but ultimately was unable to locate another address for Sumco Panama. (*Id.*; Doc. 128-3 at ¶¶ 3–17 (declaration of investigator John Isaacs attesting to these efforts)). Plaintiff argues that, under the circumstances, alternative methods of service are necessary. Specifically, Plaintiff contends that it "has located two email addresses that are reasonably calculated to give Defendant Sumco [Panama]" notice of this action. (Doc. 128 at 4). The Court agrees that allowing alternative service is warranted here.

First, as detailed above, the Court finds that Plaintiff has reasonably attempted to effectuate service on Defendant Sumco Panama. Plaintiff unsuccessfully tried one address, located another address that was vacant, and made attempts to find a third—to no avail. (*See* Doc. 128 at 3–4; Doc. 128-3 at ¶¶ 3–17). It is unclear, at this point, what further reasonable measures Plaintiff could

3

take to locate a viable address at which to effectuate service.

Next, service by electronic mail is not prohibited by international law. As Plaintiff says, the United States and Panama are signatories to the Inter-American Convention on Letters Rogatory. (Doc. 128 at 6); *see also Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-CV-14628, 2013 WL 592660 (E.D. Mich. Feb. 14, 2013) (noting the treaty "provides a method of service that is mutually recognized by both Panama and the United States."). "These conventions establish a method agreed upon by both countries for service of civil process within their borders. [But] [u]nlike the Hague Convention, the Inter-American Convention does not purport to provide the exclusive method of effecting service between the signatories." *C & F Sys., LLC v. Limpimax, S.A.*, No. 1:09-CV-858, 2010 WL 65200, at *1 (W.D. Mich. Jan. 6, 2010) (considering alternative service for defendants in the Republic of Peru). In other words, electronic service is not prohibited under the Inter-American Convention. *Elcometer, Inc.*, 2013 WL 592660, at *2 (allowing service through email to defendants located in Panama); *see also RoyaltyStat, LLC v. IntangibleSpring Corp.*, No. CV PX 15-3940, 2017 WL 930129, at *2 (D. Md. Mar. 9, 2017) (noting the Inter-American Convention on Letters Rogatory does not "'foreclose other methods of service among parties residing in different signatory nations, if otherwise proper and efficacious'" (citation omitted)).

Lastly, the Court concludes that service by electronic mail in this instance is "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Lexmark Int'l, Inc.*, 2013 WL 12178588, at *2 (citation and internal quotation marks omitted). "Service by email comports with due process when it is reasonably calculated to reach the defendant." *Id.* at *4 (collecting cases) (but noting "the mere existence of an email address does not automatically mean service is reasonably calculated to reach the defendant"). To this end, the court in *FKA Distributing Company LLC v. Yisi Technology Company*, considered whether the defendant to be served via email "does business via email, and whether the movant has established that the email address in

4

question is valid." No. 17-CV-10226, 2017 WL 4129538, at *2 (E.D. Mich. Sept. 19, 2017). Of the latter, the court explained that "some ways to show the validity of an email address include: providing the Court with declarations from individuals who received emails from the email address in question, and demonstrating that emails mailed to the email address in question were not returned as undeliverable or did not 'bounce back.'" *Id.* (citations omitted). In that case, the plaintiff successfully demonstrated both considerations by providing evidence that (1) the defendants' website listed two email addresses through which potential customers could contact them; and (2) test emails sent to those email addresses did not bounce back. *Id.*; *cf. Chanel, Inc. v. Song Xu*, No. 2:09-CV-02610-CGC, 2010 WL 396357, at *4 (W.D. Tenn. Jan. 27, 2010) (commenting that service via email comported with constitutional standards, in part, because e-commerce businesses "must maintain valid e-mail accounts and check them regularly to receive new orders and provide customers with receipts and shipping information.").

Plaintiff argues Sumco Panama is in the same boat. In particular, Plaintiff submits documents showing Sumco Panama "conducted business over the internet and used electronic mail to run its business." (Doc. 128 at 7–8; *see, e.g.*, Doc. 128-3 at 1–5; 35–49 (September 2020 master choice agreement between Sumco Panama, S.A. and Great Choice Telecom LLC listing sumcopanama@protonmail.com as the email where notices should be sent); 64–66 (February 2020 emails from the sumco.panama@gmail.com account to a Modok Telecom representative); Doc. 128-4 at 1–16 (January 2020 master services agreement between Sumco Panama S.A. and Modok Telecom, LLC listing sumcopanama@protonmail.com as where notices should be sent to and emails between those parties related to the agreement), 24–27 (April 2020 emails to sumcopanama@protonmail.com documenting a new account with Talkie communications and noting payment had been received), 28–30 (September 2020 Great Choice Telecom Customer Anti-Robocall Screening Questionnaire filled out for Sumco Panama, S.A. documenting the company email contact as sumcopanama@protonmail.com)). While it is true that much of this email communication took place in 2020, Plaintiff also submitted evidence that more recently

5

when it sent emails to sumco.panama@gmail.com and sumcopanama@protonmail.com, Plaintiff received delivery receipts showing the emails were delivered and did not bounce back. (Doc. 128-5 (showing the emails were sent on September 13, 2024 and October 3, 2024)). Given these circumstances, the Court finds service via email to these addresses is reasonably calculated to apprise Defendant Sumco Panama of this action.

In sum, the Court finds that the facts and circumstances of this case warrant the exercise of its discretion to allow alternative service.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Order Authorizing Alternative Service Upon Defendant Sumco Panama, S.A. (Doc. 128). Plaintiff is permitted to serve Defendant Sumco Panama, S.A. at sumco.panama@gmail.com and sumcopanama@protonmail.com.

IT IS SO ORDERED.

Date: January 28, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE