IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, ex rel OHIO ATTORNEY
GENERAL DAVE YOST,**

      **Plaintiff,**

   v.                                    **Civil Action 2:22-cv-2700
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**AARON MICHAEL JONES, et al.,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Deem Defendant Jovita Migdaris Cedeno Luna Properly Served (Doc. 129).

As this Court has previously summarized (Doc. 124), this case is about robocalls. Plaintiff, the State of Ohio, *ex rel.* Attorney General Dave Yost, alleges that Defendants "acting individually and collectively through a common enterprise, have participated in an unlawful robocall operation that bombarded American consumers with *billions* of robocalls." (Doc. 1 at 4 (emphasis in original); *see id.* at ¶¶ 11–32 (naming fourteen corporate Defendants and eight individual Defendants)). Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g); the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), for Defendants' violations of Federal Trade Commission's ("FTC") Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; the Ohio Consumer Sales Practices Act ("Ohio CSPA"), Ohio Rev. Code § 1345.07; and the Ohio Telephone Solicitation Sales Act ("Ohio TSSA"), Ohio Rev. Code § 4719.12. (Doc. 1 at ¶¶ 1, 157–200).

Relevant here, as to Defendant Luna, Plaintiff's complaint alleges,

> Jovita Migdaris Cedeno Luna . . . also known as Migdaris Cedeno, also known as
> Jovita Migdaris, also known as Jovita Cedeno, is an officer and director of

> [Corporate Defendant] Sumco Panama. At times material to this Complaint, acting alone or in concert with others, Cedeno has had the authority and responsibility to prevent or correct the unlawful telemarketing practices of Sumco Panama, and has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Sumco Panama, including the acts and practices set forth in this Complaint. On information and belief Cedeno resides in Tustin, California and in Panama City, Panama.

(Doc. 1 at ¶ 30).

The Clerk issued a summons for Defendant Luna to an address in Panama on November 9, 2022. (Doc. 42). Subsequently, the Clerk issued a letter rogatory to the same address. (Doc. 57). In May 2024, the Clerk issued another summons—this time to an address in the United States: 800 SW 104th Court, Apartment 102, Miami, Florida 33174. (*See* Doc. 94; *see also* Doc. 96 (certificate of mailing by clerk of summons and complaint via certified mail to Defendant Luna)). A green card, confirming that the certified mail was delivered, was filed on the docket on June 27, 2024, and records the summons as executed. (Doc. 98). On the green card, "Jovita" is written on both the signature line and "received by" line meant to be completed upon delivery. (*Id.*). The delivery address was recorded as 800 SW 104 Ct, 102, Miami, FL 33174. (*Id.*). Based on this, counsel for Plaintiff filed a proof of service form for Defendant Luna on July 22, 2024. (Doc. 101). But on that same day, the Clerk received the envelope, summons, and complaint sent to Defendant Luna, *sans* green card, in the mail. (Doc. 102). On the outside of the envelope, an unidentified person wrote "return to" (with an arrow pointing at the Clerk of Court's return address) and "Does not live here!" (*Id.*). The envelope appears to have been opened and then taped shut again. (*Id.*).

Now, based on this record, Plaintiff seeks an order from the Court declaring Defendant Luna properly served under the Federal and Ohio Rules of Civil Procedure. (Doc. 129; *see also* Doc. 132 (Court order expediting a response)). But none of the cases Plaintiff cites as support present a question on this or a similar procedural posture. *See Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285 (6th Cir. 2001) (reviewing a district court's decision to dismiss

defendants who were not timely served); *Chapman v. Lawson*, 89 F. Supp. 3d 959 (S.D. Ohio 2015) (considering a motion to dismiss for insufficient service of process); *Durham v. Niffenegger*, No. 1:18-CV-91, 2021 WL 5337937 (S.D. Ohio Sept. 17, 2021) (same), *report and recommendation adopted*, No. 1:18-CV-91, 2022 WL 624633 (S.D. Ohio Mar. 3, 2022); *Faber v. PNA Transp., LLC*, No. 1:19-CV-00849, 2024 WL 2749142 (N.D. Ohio May 29, 2024) (considering a motion for relief from a default judgment because of improper service*); Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755 (M.D. Tenn. 2021) (considering a motion to dismiss for insufficient service of process); *Sullivan v. N. Eighteenth St. Energy Efficient Homeownership Project Ltd. P'ship*, 2022 WL 1313583 (Ohio Ct. App. 2022) (reversing a trial court's denial of a motion to vacate default judgment); *TCC Mgmt., Inc. v. Clapp*, 2005 WL 2008677 (Ohio Ct. App. 2005) (affirming a trial court's decision to set aside a default judgment); *New Coop. Co. v. Liquor Control Comm'n*, 2002 WL 926734 (Ohio Ct. App. 2002) (affirming a trial court's finding that certain evidence was insufficient to rebut the presumption of valid service).

Whether service has been perfected on Defendant Luna is most appropriately considered on a Motion for Default Judgment. For this reason, Plaintiff's Motion (Doc. 129) is **DENIED without prejudice**.

IT IS SO ORDERED.

Date: February 4, 2025          /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE