**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STATE OF OHIO, ex rel OHIO ATTORNEY
GENERAL DAVE YOST,**

      **Plaintiff,**

  v.                                       **Civil Action 2:22-cv-2700
                                                  Judge Algenon L. Marbley
                                                  Magistrate Judge Kimberly A. Jolson**

**AARON MICHAEL JONES, et al.,**

      **Defendants.**

**OPINION & ORDER**

Plaintiff's Amended Motion to Compel is before the Court. (Doc. 158). For the following reasons, the Motion is **GRANTED**. The Clerk is **DIRECTED** to terminate the pending motion at Doc. 161.

**I.    BACKGROUND**

As the Court has summarized previously, this case is about robocalls. (*See generally* Doc. 124). Plaintiff the State of Ohio, *ex rel.* Attorney General Dave Yost alleges that Defendants "acting individually and collectively through a common enterprise, have participated in an unlawful robocall operation that bombarded American consumers with *billions* of robocalls." (Doc. 1 at 4 (emphasis in original); *see id.* at ¶¶ 11–32 (naming fourteen corporate Defendants and eight individual Defendants)). Plaintiff brings the action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g); the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), for Defendants' violations of Federal Trade Commission's ("FTC") Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; the Ohio Consumer Sales Practices Act ("Ohio CSPA"), Ohio Rev. Code § 1345.07; and the Ohio Telephone Solicitation Sales Act ("Ohio TSSA"), Ohio Rev. Code § 4719.12. (Doc. 1 at ¶¶ 1, 157–200). Relevant here, Plaintiff alleges that Defendant Roy Melvin Cox, Jr. is an actual or de

facto owner, officer, or member of the corporate Defendants. (*Id.* at ¶ 26).

Plaintiff first brought this discovery dispute to the Court in October 2024. (Doc. 112). Plaintiff represented that Defendant Cox, through his counsel, failed to respond timely to discovery requests. (*Id.* at 7). At the time, Defendant Cox "ha[d] produced nothing." (*Id.* at 8). The Court ordered the parties to confer. (Docs. 113, 124). Then, Defendant Cox's attorneys filed a motion to withdraw. (Doc. 125). The Court granted the motion and allowed Defendant Cox time in which to secure new counsel. (Doc. 133). When Cox provided notice that he wished to proceed without the assistance of counsel, the Court again ordered the parties to confer. (Docs. 141, 142). After many conferences between Cox and Plaintiff's counsel, disputes remain. (Docs. 146, 150, 152, 154). Because some circumstances had changed, the Court denied as moot Plaintiff's original motion to compel and required Plaintiff to refile an updated one. (Doc. 155).

That refiled motion is before the Court. (Doc. 158). Defendant Cox also filed a motion, but the Court reads it to be his response to Plaintiff's motion to compel. (Doc. 161). As such, the Clerk is **DIRECTED** to terminate the pending motion (*id.*).

This matter is ripe for review.

## II. STANDARD

Two federal rules govern the Motions to Compel. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37, for its part, allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery

2

[when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

### III.   DISCUSSION

Plaintiff describes the parties' discovery progress since Defendant Cox's counsel withdrew. By mid-February, Defendant Cox had produced a "small number of documents." (Doc. 158 at 4; *see also* Doc. 146). But over the next few weeks, Plaintiff became concerned that Defendant Cox "was intentionally withholding evidence and information, had made false statements about his relationships with other defendants in the case, and had not truthfully represented the scope of documents he both held and knew to exist." (Doc. 158 at 4; *see also* Doc. 150). For example, a WhatsApp chat log Cox produced appeared to have "certain messages and content" removed when compared to the WhatsApp chat log provided by the person he was chatting with, Defendant Bridge. (Doc. 150 at 4; *compare* Doc. 150-3 (WhatsApp chat log provided by Cox) *with* Doc. 150-4 (WhatsApp chatlog provided by Bridge)).

Plaintiff gave Cox the opportunity to cure his errors and produce more documents. (Doc. 158 at 5). But Defendant Cox "continued to provide Plaintiff with false or inconsistent information and continued his pattern of producing a slow trickle of relevant and discoverable documents after first claiming they did not exist." (*Id.*). Specifically, when Plaintiff questioned Cox about "communications, contracts, and documents that would show the nature of the services or goods he provided to earn in excess of $500,000 paid to him by the Corporate Defendants," Defendant

3

Cox provided "conflicting and inconsistent" statements or averred that he did not know what he was being compensated for. (Doc. 158 at 5, 14; *see also* Doc. 158-3). In the end, Plaintiff says it has obtained a sufficient response to only one of its requests for production, and Defendant Cox has "grossly misrepresented" the scope of responsive documents he controls. (Doc. 158 at 6, 9–11).

Plaintiff's ask is multifaceted. First, it asks the Court to require Defendant Cox to respond to its requests for production, with a particular emphasis on Request for Production No. 40. (Doc. 158-2 at 15 ("Produce all Documents in support of Your claims as set forth in Your affirmative defenses asserted in Your Answer to Plaintiff's Complaint.")). Plaintiff also proposes that the Court order Cox to provide details of his search and, if responsive records are no longer in his possession, to identify if the records ever existed, where they were stored, and approximately when they were destroyed. (*See* Doc. 158-5).

In response, Defendant Cox contests neither the relevancy nor the proportionality of the discovery requests at issue. Rather, Cox avers that he engaged in diligent search efforts to locate documents responsive to Plaintiff's requests. (Doc. 161 at 1 (stating he "developed an artificial intelligence (AI) agent" to search his records)). He claims he does not currently have—nor ever had—any of the documents Plaintiff seeks that connect him to the corporate Defendants. (*See, e.g.*, *id.* at 2 ("Cox has often wondered why so much money was sent to Cox Corporate Defendants without personally knowing them or even having any agreements with them. Neither Cox, and to his knowledge, none of the Cox Corporate Defendants ever entered into agreements for handling the funds channeled through them or any agreement involving telemarketing. Cox has and never has had any such documents.")). He further states he has never destroyed any such documents, other than text messages which either were deleted prior to the filing of this action or were subject

4

to automatic deletion "based on the sender's schedule." (*Id.* at 1). And while he says that he will produce documents responsive to Request for Production 40 if he has them, Defendant Cox does not believe that "further requests for the same documents will result in the discovery of additional materials." (*Id.*).

Despite Defendant Cox's assertions, the Court finds his alleged pattern of production troubling. Particularly, Cox has disclaimed knowledge of facts or possession of certain documents, but then changed his story or produced those same documents when presented with evidence to the contrary. (Doc. 158 at 9–16 (providing several examples)). The Court also finds troubling Plaintiff's allegations that in a WhatsApp conversation with Defendant Bridge, Cox stated, "I don't plan on giving them any more material." (Doc. 150-4 at 4). And then Cox modified the same WhatsApp chat log before producing it, deleting messages that could suggest he has documents in his possession that he has not produced. (Doc. 158 at 11; *compare* Doc. 150-3 *with* Doc. 150-4).

If true, these actions are potentially sanctionable violations of Defendant Cox's discovery obligations. *Cf. Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) ("A court may assess attorney's fees under its inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' . . . or when the conduct is 'tantamount to bad faith." (citations omitted)); *Moss v. Fairborn City Sch.*, No. 3:08-CV-00393, 2010 WL 2788241 (S.D. Ohio June 24, 2010) ("[D]istrict courts must be given latitude to use severe sanctions as a general deterrent to conduct inconsistent with the intent of the discovery rules" (citation omitted)), *report and recommendation adopted in part*, No. C-3:08-CV-393, 2010 WL 2788245 (S.D. Ohio July 14, 2010), *aff'd*, No. 10-3861, 2011 WL 13491952 (6th Cir. Apr. 26, 2011); *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 808–823 (N.D. Ohio 2024) (finding sanctions appropriate pursuant to Federal Rule of Civil Procedure 37(e) when a party deleted or altered text messages turned over

in discovery); *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485 (N.D. Ohio 2013) ("Courts have upheld the sanction of dismissal of . . . a defense under [Federal Rule of Civil Procedure 37(b)(2)] for a variety of discovery abuses tied to a failure to comply with a discovery order, including: withholding relevant documents from discovery, not planning and executing an effective search for responsive documents, and lying at a deposition.") (collecting cases).  As the Court has warned, Defendant Cox' *pro se* status does spare him from his discovery obligations or shield him from the possibility of sanctions.  *See Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003) ("While pro se litigants are afforded significant leeway . . . those who proceed without counsel must still comply with the procedural rules that govern civil cases.").

Ultimately, the Court is not persuaded that Defendant Cox has turned over all the responsive discovery he has within his possession, custody, or control.  And because there is no contest that the discovery at issue is relevant and proportional to the needs of this case, the Court **GRANTS** Plaintiff's Motion to Compel (Doc. 158).  Defendant Cox is **ORDERED** to review his records and produce **all** documents in his possession, custody, or control that are responsive to the Requests for Production of Documents served on him on September 5, 2024.  (Doc. 158-2).  Defendant Cox is **ORDERED** to prioritize producing documents responsive to Request for Production 40 and documents reflecting his communications with other co-defendants.  This search for records should include, but is not limited to, the following: all electronic mail accounts, all electronic messaging accounts, and physical records in Defendant Cox's home and in other locations that are under his control.  Defendant Cox is **ORDERED** to confer with Plaintiff prior to conducting his search to discuss search parameters and methods.  Defendant Cox is **ORDERED** to produce all responsive documents in his possession, custody, or control within the **next fourteen (14) days**.

6

When producing responsive material, Defendant Cox is **ORDERED** to identify which request(s) **each** document satisfies. Defendant Cox is also **ORDERED** identify to Plaintiff in writing which, if any, of the documents he already produced to Plaintiff are responsive to Request for Production of Documents 40.

Defendant Cox is further **ORDERED** to provide a detailed update to the Court regarding his search for documents **within twenty-one (21) days of the entry of this order**. If responsive records are no longer in Defendant Cox's possession, Defendant Cox is **ORDERED** to identify 1) whether the responsive records ever existed; 2) where they were stored; and 3) approximately when they were destroyed. If Defendant Cox ever had responsive documents in his possession that he cannot now produce, he must tell Plaintiff and the Court all he can about the documents. Defendant Cox is **WARNED** that vague or blanket excuses will not do.

Defendant Cox is **WARNED** that failure to comply with this Order or attempts to withhold or destroy relevant discovery may result in sanctions being brought against him, which could include monetary sanctions, contempt of court, or default judgment.

Finally, Plaintiff is **ORDERED** to file a status report **within twenty-one (21) days**, updating the Court on Defendant Cox's discovery progress from its perspective.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 158), is **GRANTED**. Defendant Cox is **ORDERED** to review his records and produce all documents in his possession, custody, or control that are responsive to the Requests for Production of Documents served on him on September 5, 2024, **within the next fourteen (14) days**. The parties are **ORDERED** to confer prior to Defendant Cox conducting his search to discuss search parameters and methods. Both Plaintiff and Defendant Cox are **ORDERED** to file status reports **within the next twenty-one**

7

**(21) days** as detailed herein.  Finally, the Clerk is **DIRECTED** to terminate the pending motion at Doc. 161.

    IT IS SO ORDERED.


Date:   April 28, 2025                      /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE