IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STATE OF OHIO, ex rel. OHIO ATTORNEY GENERAL DAVE YOST,** : : : : **Plaintiff,** : : v. : : **AARON MICHAEL JONES,** *et al.*, : : **Defendants.** : : | Case No. 2:22-cv-2700 Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson |

**ORDER**

On August 7, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 188), addressing Plaintiff's June 5, 2025, filing (ECF No. 174), which was construed as a motion for sanctions under Federal Rule of Civil Procedure 37(e), and set this matter for briefing. The R&R set a deadline of August 21, 2025, for objections. No party filed objections by that date. The R&R recommends granting in part and denying in part: permitting a permissive adverse-inference instruction at trial concerning Cox's WhatsApp communications with co-defendant Bridge, while denying without prejudice Plaintiff's broader requests. (ECF No. 188 at 2, 7, 14-16.)

When no timely, specific objections are filed, the Court may adopt the R&R without *de novo* review. Courts commonly review the Report and Recommendation for clear error, and failure to object ordinarily waives appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 144-45, 151 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508-09

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Neuman v. Rivers*, 125 F.3d 315, 322 (6th Cir. 1997).

This Court agrees that the present record does not establish that Cox acted with the intent to deprive Plaintiff of the use of the lost electronically stored information in this litigation; accordingly, the severe sanctions in Fed. R. Civ. P. 37(e)(2)(A)-(C) are unavailable at this time. (ECF No. 188 at 13-14.) Because this is an interlocutory discovery ruling, the Court denies without prejudice Plaintiff's request for Rule 37(e)(2) measures.  Should later-developed evidence establish intent to deprive, the Court may revisit the availability of (e)(2) sanctions. *See* Fed. R. Civ. P. 54(b).

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 188). Plaintiff's June 5, 2025, filing (ECF No. 174), construed as a motion for sanctions, is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Under Rule 37(e)(1), the Court will deliver at trial a permissive, non-presumptive instruction allowing the jury to consider the loss of WhatsApp messages between Defendant Roy Cox and co-defendant Bridge, which cannot be restored or replaced, and to assign such weight, if any, as the jury deems appropriate;

(2) Plaintiff's requests for harsher measures under Rule 37(e)(2) are **DENIED WITHOUT PREJUDICE** to renewal upon a later showing of intent to deprive;

(3) All remaining requests for sanctions beyond the scope identified above are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 18, 2025**