**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**State of Ohio, *ex rel.***
**Attorney General Dave Yost**

Plaintiff,

vs.

**Aaron Michael Jones,** et al.,

Defendants.

Case No. 2:22-cv-2700-ALM-KAJ

**Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**STIPULATED ORDER FOR PERMANENT INJUNCTION, AND DECLARATORY AND MONETARY JUDGMENT AGAINST DEFENDANT JUNE ANN BATISTA**

Plaintiff, State of Ohio, *ex rel.* Attorney General Yost, filed Plaintiff's Complaint for Permanent Injunction, Damages, and other Equitable Relief ("Complaint") in this matter against Defendant June Ann Batista ("Defendant" or "Batista") and 21 co-defendants pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g), the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6103, the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 et seq.; the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. § 1345.01 et seq., and the Ohio Telephone Solicitation Sales Act ("TSSA"), O.R.C. § 4719.01 et seq.

Plaintiff and Defendant Batista have agreed to the Court's entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Stipulated Order") and accept this Judgment as the final adjudication to resolve all matters in this action between Plaintiff and Defendant Batista.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over the matter and has authority to issue the Order pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355 and over the state law claims pursuant to 28 U.S.C. §1367, and Federal Rule of Civil Procedure 65.

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2), (b)(3) and (c), 1395(a), 47 U.S.C. § 227(g)(4), and 15 U.S.C. § 6103(e) as a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District, and violations alleged in this Complaint occurred in this district.

3. At all times relevant to this action, Defendant Batista maintained a course of trade conduct in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

4. The State of Ohio, as *parens patriae*, is the appropriate party, authorized by 47 U.S.C. § 227(g) and 15 U.S.C. § 6103(A) to file this action to enjoin violations of and enforce compliance with the TCPA and the TSR and to obtain damages, restitution, or other compensation on behalf of residents of the State of Ohio, or to obtain other relief as the Court may deem appropriate.

5. The State of Ohio is authorized under the laws of the State of Ohio and is the appropriate party to file this civil action to obtain declaratory judgments, enjoin violations, and seek orders for consumer damages and civil penalties pursuant to the CSPA, O.R.C. § 1345.01 et seq., its Substantive Rules, O.A.C. § 109:4-3-01 et seq., and the TSSA, O.R.C. § 4719.01 et seq., as well as any other appropriate relief.

6. Defendant Batista neither admits nor denies any of the allegations in Plaintiff's Complaint, except as specifically stated herein. For purposes of this Order, Defendant Batista does not contest the facts necessary to establish jurisdiction.

7. Plaintiff's Complaint alleged that Defendant Batista, acting individually and collectively through a common enterprise with the co-Defendants in this matter, violated the TCPA, the TSR, the CSPA, and the TSSA by participating in an unlawful robocall operation that bombarded American consumers with billions of deceptive robocalls that failed to clearly identify the caller or the business entity responsible for initiating the call. Through the common enterprise, Defendants initiated, or caused to be initiated, calls to consumers in Ohio and nationwide that delivered prerecorded messages that advertised "car warranties" without first having obtained prior express written agreements from the call recipients to receive prerecorded calls, and while using number spoofing tactics. Defendants delivered such prerecorded calls to cellular telephone numbers and or numbers properly listed on the National Do Not Call Registry and while engaging in number spoofing.

8. Defendant Batista admits that she was recruited into the robocall operation described in Plaintiff's Complaint and herein by Defendant Roy Cox, Jr. ("Cox"). Defendant Batista denies having any knowledge that Tech Direct and its affiliated companies were engaged in telemarketing or robocalling. Defendant Batista avers that she submitted her resignation to Defendant Cox after becoming concerned with the nature of Tech Direct's business and its affiliated companies.

9. Defendant Batista admits that, during all times relevant to Plaintiff's Complaint, she was listed as an officer or owner of Corporate Defendant Tech Direct LLC[1]. Defendant Batista denies having any actual ownership, control or decision-making authority related to Tech Direct.

10. Defendant Batista admits that she opened Financial Accounts at the direction of Defendant Cox for Defendant Tech Direct LLC.

11. Defendant Batista admits that Financial Accounts she opened for Defendant Tech Direct facilitated payments to or from Defendants Connective MGMT, Davis US, Posting Express, Virtual US, Davis US, Sumco Panama, Technologic USA, Julie Bridge, Roy Cox, Jovita Migdaris Cedeno Luna, Livia Szuromi and former Defendant Andrea Horvath.

12. Defendant Batista admits the Tech Direct Financial Accounts paid third parties for telephony, data, software and other services provided to Defendants Davis US, Mobi, Sumco Panama, Technologic Panama, Virtual US, and Virtual Hungary.

13. Defendant Batista admits that the Tech Direct account was used to pay residential rent expenses for Defendant Roy Cox.

14. Defendant Batista admits that, to her knowledge, while she worked for Tech Direct, the company did not follow corporate formalities or file taxes.

15. Defendant Batista that admits Defendants Tech Direct, Technologic USA, Virtual US and Roy Cox compensated her for the work she performed for Tech Direct.

16. Defendant Batista admits that the co-Defendants she was involved with and/or facilitated payments for or between had the same common de facto owners, managers, shared

---

[1] Corporate Defendants include Technologic USA, Inc. ("Technologic USA"); Technologic, Inc. ("Technologic Panama); Connective MGMT, Inc. ("Connective MGMT"); Virtual Telecom, Inc. ("Virtual US"); Virtual Telecom Kft ("Virtual Hungary"); Davis Telecom, Inc. ("Davis US"); Tech Direct, LLC ("Tech Direct"), Posting Express, Inc. ("Posting Express"), Sumco Panama USA, Inc. ("Sumco USA"); Sumco Panama S.A. ("Sumco Panama"); Mobi Telecom LLC. ("Mobi"); Geist Telecom LLC ("Geist"); and Fugle Telecom LLC ("Fugle").

business operations, functions and resources, used business names interchangeably and comingled funds. These defendants included Corporate Defendants Tech Direct, Technologic USA, and Virtual US, and individual Defendants Cedeno Luna, Julie Bridge, Roy Cox, and former Defendant Andrea Horvath.

17. The injunctive relief set forth in this Stipulated Order is binding upon Defendant Batista and any other Person who acts under, by, through or on Defendant Batista's behalf who receives actual notice of this Stipulated Order through personal service or otherwise, from directly or indirectly engaging in, or Assisting or Facilitating others to engage in, the conduct described in Plaintiff's Complaint and herein. These Persons include Defendant Batista and her subsidiaries, affiliates, successors, assignees, officers, member managers, directors, representatives, trustees, agents, employees, contractors, consultants, and any other Persons in active concert or participation with Defendant Batista or any of the aforementioned, or acting under any Defendant's direction and control, including through any corporation, trust, or other named entity or device. Defendant Batista is liable for the actions of such Persons when acting at her respective direction or control.

18. Defendant Batista waives all rights to appeal or otherwise challenge or contest the validity of this Stipulated Order.

19. Entry of the Stipulated Order is in the public interest.

## DEFINITIONS

For the purpose of this Stipulated Order, the following definitions apply:

A. **"Assisting and Facilitating"** means providing substantial assistance or support, directly or indirectly, to any third party when a Person knows or consciously avoids knowing that the third party is engaged in any act or practice that violates the TSR, TCPA, CSPA or TSSA.

B. **"Communication"** means any contact, whether formal or informal, between two or more Persons, at any time or place, and under any circumstances whatsoever, whereby information of any kind or nature was transmitted, transferred, disclosed, exchanged, or recorded. It includes, without limitation, any oral, written, and Electronically Stored Information that is opened or unopened, active, or deleted.

C. **"Contribution"** means any donation, gift of money, or any other payment, consideration, or thing of value including, without limitation, personally identifiable information or any other personal data.

D. **"Customer"** means any Person that provides Telephony Services from Defendant Batista, individually or through any agents, employees, affiliates, subsidiaries, corporations, or other business formations.

E. **"DNC Registry"** means the National Do Not Call Registry maintained by the Federal Trade Commission, which allows consumers to register telephone numbers to avoid telemarketing telephone calls.

F. **"Electronically Stored Information"** means electronically stored information created, communicated, stored and utilized in digital form requiring the use of computer hardware and software, including, without limitation, computer or electronic files stored on file servers, e-mail servers, work stations, desktops, hard drives, solid-state drives, cloud storage, personal digital assistants, smartphones (e.g., Blackberrys, iPhones, Droids), tablets (e.g., iPads) and other mobile electronic devices, or other electronic social or industrial/business web-based media (e.g., Facebook®, Twitter®, LinkedIn®, Skype®, WhatsApp®, etc.), records, data, reports, and queries derived from or residing in applications and databases, computer printouts, contracts, cost sheets, data compilations from which information can be obtained, derived, or can be translated through

detection devices or converted or translated into reasonably usable form, magnetic discs, magnetic strips, magnetic tape, recognition characters, microfiche, microfilm, optical characters, punched cards, punched paper tapes, audio tapes or recordings, or video tapes or recordings.

G. **"Defendant"** means June Ann Batista.

H. **"Financial Accounts"** includes, but is not limited to the following types of accounts in the singular or plural: banking accounts (e.g. checking, savings), investment accounts, credit accounts, digital payment wallets (e.g. PayPal, Stripe, Zelle, Venmo), cryptocurrency wallets, and hybrid/multi-currency wallets.

I. **"Lead Generation"** means the assignment, creation, sourcing, sale, subscription, leasing, renting, distribution, provisioning, purchase, reselling, wholesaling, or transfer of any list or compilation of telephone numbers utilized or intended to be utilized for the purpose of generating or initiating any Outbound Telephone Calls and/or Telemarketing.

J. **"Outbound Telephone Call"** means a telephone call initiated to:

1. Induce the purchase of goods or services;

2. Solicit a Contribution;

3. Advertise or offer a loan or extension of credit; or

4. Obtain information, including, without limitation, through the arrangement of a meeting, that may be used to induce the purchase of goods or services, solicit a Contribution, or solicit a loan or extension of credit.

K. **"Person"** means any individual, group, organization, unincorporated association, limited or general partnership, corporation, subsidiary, affiliate, or other legal entity. This includes any entity that holds itself out and conducts business as a legally formed entity but has failed to

comply with applicable state laws to form a legally recognized entity in the jurisdiction in which it conducts its business.

L. **"Robocall(s)"** means a telephone call that delivers an artificial or prerecorded voice message, in whole or in part, including, without limitation, a telephone call utilizing artificial intelligence, soundboard, and/or ringless voicemail technologies.

M. **"Telemarketing"** means any plan, program, or campaign that is conducted to generate or initiate any Outbound Telephone Call by use of a telephone or VoIP-related technology, and which involves a telephone call.

N. **"Telephony Services"** means wireline or wireless telecommunications services, including, without limitation:

1. The dialing, origination, termination, routing, or transmission of any telephone calls made over a public switched telephone network;
2. VoIP Services;
3. Electronic messaging services;
4. Ringless voicemail messages; or
5. Any other common carriage, telecommunications, or information services.

O. "VoIP" means Voice over Internet Protocol.

P. "VoIP Services" means (1) one-way or interconnected VoIP telephony services, including, without limitation, the origination, termination, routing, or transmission of telephone calls made over a public switched telephone network and which requires VoIP-related technology and (2) the resale, assignment, licensing, or provisioning of telephone numbers, including, without limitation, telephone numbers associated with direct inward dialing.

## ORDER

## I. PERMANENT BAN ON ROBOCALLS

IT IS ORDERED that Defendant Batista and her companies (including any subsidiaries or affiliates), officers, agents, and employees, and all other Persons in active concert or participation with her, whether acting directly or indirectly, are permanently restrained and enjoined from engaging in, or Assisting and Facilitating others to engage in:

A. Initiating, causing others to initiate, or Assisting or Facilitating others in initiating, any Outbound Telephone Call that plays or delivers a Robocall;

B. Controlling, holding a managerial post in, consulting for, serving as an officer of, having any revenue sharing agreement with, or holding any ownership interest, share, or stock in any company or Person that is engaged in initiating, causing others to initiate, or Assisting or Facilitating others in initiating, any Outbound Telephone Call that plays or delivers a Robocall; *provided, however*, that it is not a violation of the Stipulated Order to own a non-controlling interest in a publicly traded company that engages in such conduct;

C. Acting as an administrator, employee, consultant, or otherwise assist companies that participate in or facilitate Telemarketing or Lead Generation; and

D. Opening Financial Accounts for the benefit of any other Person engaged in initiating, causing others to initiate, or Assisting or Facilitating others in initiating, Robocalls or a Outbound Telephone Call that plays or delivers a Robocall.

## II. PERMANENT BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Defendant Batista and her companies, officers, agents, and employees, and all other Persons in active concert or participation with her, whether acting directly or indirectly, are permanently restrained and enjoined from engaging in, or Assisting and Facilitating others to engage in, Telemarketing, whether acting directly or through an intermediary,

including by consulting, brokering, planning, investing, or advising; ***provided, however***, that it is not a violation of the Stipulated Order to own a non-controlling stock interest in a publicly traded company that engages in such conduct.

**III. PROHIBITION ON VIOLATING THE TCPA, TSR, CSPA AND TSSA**

IT IS ORDERED that Defendant Batista, whether acting directly or indirectly, is permanently restrained and enjoined from engaging in violations of, from Assisting and Facilitating others to engage in violations of, or from consulting, brokering, planning, investing, receiving commissions from, or advising regarding conduct that violates the TCPA, 47 U.S.C. § 227, and its implementing rule, 47 C.F.R. § 64.1200, the TSR, 16 C.F.R. §§ 310.3(a)-(b) and 310.4, the CSPA, O.R.C. § 1345.01 *et seq.* and the TSSA O.R.C. § 4719.01 *et seq.*, and those statutes and rules as they may be amended.

Defendant Batista is permanently restrained and enjoined from violating the TCPA, TSR, CSPA, and TSSA either by taking the steps necessary to physically place a telephone call, or by participating in, formulating, controlling or directing unlawful Telemarketing practices of any other Person. Defendant is further enjoined from holding any position at any entity that participates or assists any other entity in Telemarketing.

The specific conduct enjoined includes, but is not limited to:

A. Violating the TCPA and the TSR, by authorizing or directing unlawful Telemarketing practices, failing to correct the unlawful Telemarketing acts, by acting as a telemarketer and/or seller, and by initiating any Outbound Telephone Call in a misleading and deceptive manner. This includes, but is not limited to the following:

1. Violating 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) or 64.1200(a)(2) by initiating calls or causing calls to be initiated to cellular telephone lines

using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party and where the call was not initiated for emergency purposes or exempted by rule or order of the FCC under 47 U.S.C. § 227(b)(2)(C);

2. Violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(3) by initiating calls to residential telephone lines using artificial or prerecorded voices to deliver a message without the prior express written consent of the called party and where the call was not initiated for emergency purposes or exempted by rule or order of the FCC under 47 U.S.C. § 227(b)(2)(B);

3. Violating 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating telephone solicitations to residential telephone subscribers whose telephone numbers were listed on the DNC Registry;

4. Violating 47 U.S.C. § 227(d)(3)(A) and 47 C.F.R. § 64.1200(b)(1) by initiating calls to residential telephone lines using artificial or prerecorded voices to deliver messages that failed to clearly state, at the beginning of the message, the identity of the business, individual, or other entity responsible for initiating the call and the name under which the business entity is registered to conduct business with the State Corporation Commission or the comparable regulatory authority;

5. Violating 16 C.F.R. § 310.4(b)(1)(v) by initiating or causing others to initiate outbound telephone calls that delivered prerecorded messages without the express consent, in writing, of the call recipient;

6. Violating 16 C.F.R. § 310.3(a)(2)(iii) by making or causing others to make deceptive outbound telephone calls that misrepresented the nature and central characteristics of the service being offered;

7. Violating 16 C.F.R. § 310.3(a)(4) by making or causing others to make deceptive outbound telephone calls that included false or misleading statements to induce consumers to purchase goods or services;

8. Violating 16 C.F.R. § 310.4(b)(1)(iii)(A) by initiating or causing others to initiate outbound telephone calls to Persons who had previously stated that they did not wish to receive calls made by or on behalf of the seller whose goods or services were being offered; and

9. Violating 16 C.F.R. § 310.4(a)(8) by failing to transmit or causing to not be transmitted an accurate telephone number, and the name of the telemarketer or seller, when made available by the call recipient's service provider, to any caller identification service in use by call recipients.

B. Violating Ohio's CSPA and TSSA by authorizing or directing unlawful Telemarketing practices, failing to correct the unlawful Telemarketing acts, by acting as a telemarketer and/or seller, by initiating any Outbound Telephone Call in a misleading and deceptive manner, and by making misrepresentations in a consumer transaction. This includes, but is not limited to the following:

1. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and (B)(1), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, which deceptively represented that the subject of the transaction had sponsorship, characteristics, benefits, particular standards, qualities or affiliations that it did not have;

2. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and (B)(2), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, which

deceptively represented that the subject of the transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;

3. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and (B)(9), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, which deceptively represented that the supplier has a sponsorship, approval, or affiliate that the supplier does not have;

4. Violating Ohio's CSPA, O.R.C. § 1345.02(A), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, that unfairly or deceptively misrepresented the caller's ID by spoofing, which is the falsifying or disguising the identity of the telemarketer;

5. Violating Ohio's CSPA, O.R.C. § 1345.02(A), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, that unfairly or deceptively misrepresented the caller's ID by rotating millions of phone numbers to be displayed on caller ID in the act known as snowshoeing, in an effort to frustrate consumers' efforts to screen, block, or otherwise avoid calls;

6. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and Ohio's TSSA, O.R.C. § 4719.02(A), by acting as telephone solicitors without first having obtained certificates of registration from the Ohio Attorney General; and

7. Violating Ohio's TSSA, O.R.C. § 4719.04(A), by acting as a telephone solicitor without first having obtained and filed with the Ohio Attorney General a surety bond issued by a surety company authorized to do business in the State of Ohio.

## IV. PROHIBITION ON PROVIDING LEAD GENERATION OR TELEPHONY SERVICES

IT IS FURTHER ORDERED that Defendant Batista is permanently restrained and enjoined from operating, owning, investing in, being an employee of, drawing revenue from, or contracting or consulting with a Voice Service Provider or company that engages in Lead Generation, and is permanently restrained and enjoined from providing Telephony Services or Lead Generation services to another Person.

IT IS FURTHER ORDERED that Defendant Batista is permanently restrained and enjoined from engaging in, Assisting and Facilitating others to engage in, or consulting, brokering, planning, investing, receiving commissions from, or advising regarding any of the following conduct:

A. Providing or participating in providing Lead Generation to another Person;

B. Receiving or sending payments, or causing or Assisting and Facilitating others to receive or send payments in connection with any illegal or fraudulent telephone calls;

C. Providing any other Telephony Services to another Person;

D. Opening financial accounts in the United States for or for the benefit of any other Person involved in Lead Generation, Telephony Services or Telemarketing;

E. Acting as an employee, agent, volunteer, contractor, or consultant for any Person that Defendant know or should know is engaged in the conduct described in this Section;

F. Controlling, holding a managerial post in, serving as an officer of, having any revenue sharing agreement with, or holding any ownership interest, share, or stock in any Person that Defendant know or should know is engaged in the conduct described in in this Section, provided, however, that it is not a violation of this Stipulated Order to own a non-controlling interest in a publicly traded company that engages in such conduct; and

G. Using any Person to engage in conduct described in this Section.

## V. DECLARATORY JUDGMENT

The Court hereby DECLARES that the following acts and practices as set forth in Count IX of Plaintiff's Complaint violate the CSPA, O.R.C. § 1345.02 in the manner set forth in Plaintiff's Complaint, including:

A. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and (B)(1), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, which deceptively represented that the subject of the transaction had sponsorship, characteristics, benefits, particular standards, qualities or affiliations that it did not have;

B. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and (B)(2), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, which deceptively represented that the subject of the transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;

C. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and (B)(9), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, which deceptively represented that the supplier has a sponsorship, approval, or affiliate that the supplier does not have;

D. Violating Ohio's CSPA, O.R.C. § 1345.02(A), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, that unfairly or deceptively misrepresented the caller's ID by spoofing, which is the falsifying or disguising the identity of the telemarketer;

E. Violating Ohio's CSPA, O.R.C. § 1345.02(A), by initiating telephone solicitations, directly or as a result of a third party acting on their behalf, that unfairly or deceptively

misrepresented the caller's ID by rotating millions of phone numbers to be displayed on caller ID in the act known as snowshoeing, in an effort to frustrate consumers' efforts to screen, block, or otherwise avoid calls; and

F. Violating Ohio's CSPA, O.R.C. § 1345.02(A) and Ohio's TSSA, O.R.C. § 4719.02(A), by acting as telephone solicitors without first having obtained certificates of registration from the Ohio Attorney General.

## VI. COOPERATION

IT IS FURTHER ORDERED that Defendant Batista must cooperate with Plaintiff, in any investigation related to or associated with the transactions or the occurrences that are the subject of Plaintiff's Complaint. Defendant Batista must provide truthful and complete information, evidence (including any and all non-privileged documents and other records), and testimony. If Defendant Batista claims that a document or record is privileged, she must expressly identify and also describe the nature of the documents, Communications, or tangible elements without revealing information which is privileged or protected.

Defendant Batista must appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff's representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Plaintiff's representative may designate, without the service of a subpoena.

Further, to assist Plaintiff with any investigation related to or associated with the transactions or the occurrences that are the subject of Plaintiff's Complaint, and with monitoring of the Defendant's compliance with the Stipulated Order, Defendant Batista consents, for purposes of the Electronic Communications Privacy Act, to the disclosure, by electronic communications service providers and remote computing service providers of the contents of or Communications

regarding any auto-dialed, Telemarketing or prerecorded telephone calls or related to or associated with the transactions or the occurrences that are the subject of Plaintiff's Complaint. Defendant Batista further agrees to execute, within five (5) days of a request from a Plaintiff, any forms or other documentation evidencing consent that may be required by such electronic communications service providers or remote computing service providers.

## VII. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $1,000,000.00 is entered in favor of Plaintiff Ohio Attorney General against Defendant Batista. Specifically, Defendant Batista is ordered liable for monetary relief as follows:

1. Statutory damages in the amount of $750,000.00 pursuant to 47 U.S.C. § 227(g) for violations of the TCPA as described in Counts I-IV of Plaintiff's Complaint;

2. Civil penalties pursuant to 15 U.S.C. § 6103(A) in the amount of $200,000.00 for violations of the TSR as described in Counts V-VIII of Plaintiff's Complaint;

3. Civil penalties pursuant to O.R.C. § 1345.07 in the amount of $25,000.00 for violations of the CSPA as described in Count IX of Plaintiff's Complaint which occurred after the date decisions from Ohio courts determining those acts or practices violative of the CSPA were available for public inspection per O.R.C. § 1345.05(A)(3); and

4. Civil penalties pursuant to O.R.C. § 4719.12 in the amount of $25,000.00 for violations of the TSSA as described in Count X of Plaintiff's Complaint.

B. Defendant Batista is ordered to pay the Ohio Attorney General's Office $5,000.00 of the civil penalties awarded pursuant to Subsection A above no later than thirty days from the

entry of this Order. This civil penalty shall be deposited into the Consumer Protection Enforcement Fund. Such payment shall be in the form of a cashier's check or money order payable to the Office of the Ohio Attorney General or by electronic fund transfer in accordance with instructions to be provided by Plaintiff. Upon such payment, the remainder of the monetary judgment amount specified in Subsection A above shall be suspended due to inability to pay, subject to the remaining Subsections of Section VII set forth below.

C. Plaintiff's agreement to both the suspension of the judgment set forth in Subsection A and to the payment amount set forth in Subsection B above is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to Plaintiff, including the financial representations made on March 23, 2026, April 3, 2026, and April 7, 2026.

D. The suspension of the judgment will be lifted if, upon motion by Plaintiff, the Court finds that Defendant Batista violated this Stipulated Order, failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the monetary judgment becomes immediately due in the amounts specified in Subsection A above, plus interest computed from the date of entry of this Stipulated Order.

F. Defendant Batista relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to the Order and may not seek the return of any assets.

G. The facts alleged in Plaintiff's Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiff, including in a proceeding to enforce rights to any payment or monetary judgment pursuant to this Stipulated Order.

H. The parties stipulate and agree that the monetary relief granted to Plaintiff in this Section is comprised of civil penalties and statutory damages of the type and classification that meet the exception to a bankruptcy discharge enumerated in 11 U.S.C. § 523(a)(7).

I. Defendant Batista acknowledges that Plaintiff may use Taxpayer Identification Numbers (Social Security Number and Employer Identification Number), previously submitted to Plaintiff for collecting and reporting on any delinquent amount arising out of this Stipulated Order.

## VIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant Batista make timely submissions to Plaintiff:

A. 120 days after entry of this Stipulated Order, Defendant must submit a compliance report, sworn under penalty of perjury, with the following:

1. Defendant Batista must: (a) identify the primary physical, postal, and email addresses and telephone number, as designated points of contact, which representatives of Plaintiff may use to communicate with her; (b) identify all of Defendant Batista's businesses by all of their legal, tradename or fictitious names, telephone numbers, and physical, postal, email, and website addresses; (c) describe the activities of each business, including the involvement of any other Defendant named in Plaintiff's Complaint and (d) describe in detail whether and how Defendant Batista is in compliance with each Section of the Order.

2. Defendant Batista must: (a) identify all telephone numbers and all physical, postal, email and internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant Batista performs services whether as an employee, independent contractor or otherwise, and any entity in which Defendant Batista has any ownership interest; and (c) describe in detail Defendant Batista's

involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For five years after entry of the Order, Defendant Batista must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant Batista must report the creation of any new business entity for which she is an owner, operator, manager, officer, employee, or otherwise performs any services with or without compensation;

2. Defendant Batista must report any change in: (a) any designated point of contact; or (b) the structure of any business that Defendant Batista has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under the Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, affiliate, or Person that engages in any acts or practices subject to the Order; and

3. Defendant Batista must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant Batista performs services, whether as an employee, independent contractor or otherwise, and any entity in which Defendant Batista has any ownership interest, and identify the name, physical address, and any website address of the business or entity.

C. Defendant Batista must submit to Plaintiff notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against her, or any filing for voluntary dissolution, within 14 days of its filing.

D. Any submission required by the Order is to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Plaintiff's representative in writing, all submissions to Plaintiff pursuant to the Order must be emailed or sent by overnight courier. The subject line of the email or cover letter must begin: *State of Ohio v. Aaron Michael Jones, et al.*, Case No. 2:22-cv-2700 and be addressed to the below:

Erin Leahy
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
Email to: Erin.Leahy@OhioAGO.gov

## IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of the Order.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 13, 2026**

**SO STIPULATED AND AGREED:**

**FOR DEFENDANT JUNE ANN BATISTA:**

This 10th day of June 2026.

June Ann Batista
*Defendant, Pro Se*

**FOR PLAINTIFF STATE OF OHIO:**

This 11th day of June 2026.

**FOR THE STATE OF OHIO:**
DAVE YOST
OHIO ATTORNEY GENERAL

ERIN B. LEAHY (69509)
PAIGE WEINSTEIN (98371)
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(513) 852-1542 (Weinstein)
Erin.Leahy@OhioAGO.gov
Paige.Weinstein@OhioAGO.gov

*Counsel for Plaintiff*
*STATE OF OHIO*